# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | NO. 1:24-CV-29-KAC-CHS |
| | ) | |
| Plaintiff, | ) | JUDGE KATHERINE A. CRYTZER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| AIRGAS USA, LLC, | ) | CHRISTOPHER H. STEGER |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## DEFENDANT AIRGAS USA, LLC'S RESPONSE TO PLAINTIFF BWS PROPERTIES, LLC'S MOTION *IN LIMINE* AND FOR SANCTIONS

Defendant Airgas USA, LLC ("Defendant" or "Airgas") hereby responds in opposition to the Motion *in Limine* and for Sanctions (Docket Entry No. 108) filed by Plaintiff BWS Properties, LLC ("Plaintiff" or "BWS").

As an initial matter, Airgas would note that BWS made no effort to confer with Airgas prior to filing this motion, as instructed by Judicial Preference 12, and has not shown such efforts to be unsuccessful prior to filing this motion.

BWS's Motion is filed pursuant to Fed. R. Civ. P. 30(d)(2), which provides that a court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." However, a review of the testimony highlighted by BWS in its motion makes it clear that Airgas made three different witnesses available to cover the topics contained in the Notice issued by BWS. And while BWS may not like the answers that those witnesses provided in their depositions, and the knowledge of the witnesses may not have been infinite, such inevitable limitations do not constitute the frustration of the fair examination of a deponent or merit sanctions.

By way of background, this lawsuit by BWS involves breach of contract claims surrounding a lease agreement between the parties from 2022 to 2023 and the surrender of the premises located at 700 Manufacturers Road in Chattanooga, Tennessee (the "Property"). The branch manager over Airgas' operations at the Property was James Corley Johnson, who was the first witness deposed in this case. Airgas could not designate Mr. Johnson as its corporate representative because he left the employment of Airgas to work for another company, but BWS has the benefit of his knowledge, having taken his deposition. While it would have undoubtedly been easier for Airgas to address the topics if Mr. Johnson was still an employee, Airgas nonetheless prepared multiple witnesses to address the various topics, and some of their testimony referenced Mr. Johnson and his knowledge.

BWS sought information about the Property over an 18-year period, and in its motion, BWS complains to the Court that the witnesses disclosed by Airgas to address the topics did not know every little detail about the property since 2005. Airgas provided Tracy Harvey as a witness, who had worked at the Property since 1985, first for Brooks Welding Supply, and then British Oxygen Company, and then for Airgas since 2005.[1] Mr. Harvey knew more about the history and use of the Property than any other person available from Airgas or BWS.

Part of BWS' motion for sanctions is apparently based on the fact that the witnesses disclosed by Airgas did not know each and every detail about the Property or the exact timing of events. For example, BWS complains that Tracy Harvey was not able to state what the exact schedule was of the cleaning service employed by Airgas, or the last time that service cleaned the

---

[1] Brooks Welding Supply was founded by the grandfather of the owners of Plaintiff BWS, and operated a welding supply business at the Property for many years. In 1997, Brooks Welding Supply sold its operations to British Oxygen Company and transferred ownership of the Property to Plaintiff BWS. In 2005, Airgas purchased the business operations from British Oxygen Company. Exhibit A, Excerpts from the Deposition of Jennifer Nevans, pp. 13:6-16:8. Thus. Mr. Harvey worked for all three companies that operated at the Property, one of which was a successor entity to Plaintiff BWS.

building before the Property was surrendered. However, Mr. Harvey identified Mr. Johnson as the Airgas employee who managed service providers, and identified the companies providing groundskeeping (Outdoor, Inc.), HVAC servicing (Kenny Rogers Service Company), indoor cleaning (Jani-King), and the scope of work for each. *See* Exhibit E to BWS' Motion *in Limine* and for Sanctions, Excerpts from the Deposition of Tracy Harvey pp. 43:11-48:25. The fact that Mr. Harvey could not state the exact date when a cleaning service or landscaping company did work at the Property is a function of human memory and the information available to a party, and does not constitute the frustration of the fair examination of a deponent. With the testimony provided by Mr. Harvey, and if needed, BWS could subpoena documents from the entities identified the for exact dates. Similarly, the fact that Dawn Van Dyke could not remember the exact number of pages of documents produced by Airgas in discovery does not mean she was unprepared to address the production, and indeed, she testified at length about the various documents produced by Airgas. *See, e.g.*, Exhibit B, Additional Excerpts from the Deposition of Dawn Van Dyke pp. 17:19-18:13; 72:12-74:14; 76:12-78:24. Rather than sanctionable efforts to impede or frustrate the fair examination of the deponent, the witnesses' respective testimony established the contours and limits of the information available to Airgas, which is the purpose of a deposition in discovery.

Elsewhere, BWS selectively and conveniently omits testimony by Airgas' witnesses that addressed certain topics. For example, BWS asserts that Peter Van Slyke was not prepared to testify about the surrender of the Property, but omits Mr. Van Slyke's testimony about ceasing utilities, doing a walk-through with Jennifer Nevans of BWS, documenting the condition of the Property with photos, and turning over keys to the Property to Ms. Nevans. Exhibit C, Additional Excerpts from the Deposition of Peter Van Slyke dated April 24, 2025, pp. 39:2-45:23. BWS also

misrepresents the testimony of Mr. Van Slyke with respect to repair costs estimates, claiming that Airgas made no efforts to obtain quotes for repairs from third parties, when the actual question in the deposition was "has Airgas made any effort to obtain quotes from third parties, <u>other than Mr. Cruz</u>, to estimate the cost of repairing any aspect of the property?" *Id*. at p. 52:3-5 (emphasis added). That question came at the end of a series of questions and answers about the repair quotes provided by Kevin Cruz. *Id*. at pp. 48:10-52:7. BWS's omissions in its motion of that entire line of questions and the qualifying clause about repair quotes by Kevin Cruz in the question posed to Mr. Van Slyke is misleading.

BWS asserts that Dawn Van Dyke was unprepared to testify about the relationship between BWS and Airgas, but the specific answer she provided was in response to a question about how Airgas paid BWS rent during the period from 2005 to 2022, wholly irrelevant to the pending matter that relates to a lease agreement between the parties from 2022 to 2023, and Ms. Van Dyke was able to testify as to the method of payment and the day of the month payment was issued since 2013. Exhibit C to BWS' Motion *in Limine* and for Sanctions, Excerpts from the Deposition of Dawn Van Dyke p. 35:1-36:10 (Docket Entry No. 26-3). BWS also incorrectly asserts that Ms. Van Dyke could not testify when Airgas first occupied the Property, though Ms. Van Dyke identified the year 2005. *Id*. at p. 27:4-11. Ms. Van Dyke initially misidentified the Commencement Date of the final lease period as 2021, but subsequent questions immediately clarified the final lease began June 1, 2022. *Id*. at pp. 34:15-35:5.

Additionally, several of the topics contained in BWS' Notices overlap with expert testimony that had not yet been disclosed, including topics 2 (physical condition of the property), 18 (damage caused to the Property by Airgas), 19 (pavement of the driveway and parking lot), 26 (assessment or evaluation of the condition of the Property), and 27 (calculation of the cost or quotes

4

for repairing damage to the Property). By moving *in limine* for an order excluding certain testimony on those topics, BWS is impermissibly attempting to foreclose expert testimony.

Elsewhere, BWS complains that witnesses were not prepared to address topics that were not fairly included in the notice topics. For example, BWS is seeking sanctions for the fact that Tracey Harvey was not prepared to testify about "who was responsible for making and paying for the hailstorm repairs" that happened in 2012. The issue of who paid for repairs was not included in Notice Topic 14, and Airgas can only prepare its witnesses for the topics that are fairly included in the notice. *See* Exhibit B to BWS' Motion *in Limine* and for Sanctions, p. 4 (Docket Entry No. 26-2.) Moreover, who paid for the hailstorm repairs is not relevant to the pending matter that relates to a lease agreement between the parties from 2022 to 2023

## CONCLUSION

At trial, Airgas does not anticipate its witnesses offering testimony different than that provided in the corporate representative depositions. If the testimony at trial differs in some way from the deposition testimony, BWS will be free to cross-examine the witness or attempt to impeach the witness with the prior testimony. However, for the reasons stated above, BWS' Motion *in Limine* and for Sanctions is not appropriate and should be denied.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/ *Peter C. Robison*
    Mary Beth White, BPR #24462
    Peter C. Robison, BPR #27498
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    probison@lewisthomason.com

*Attorneys for defendant Airgas USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFENDANT AIRGAS USA, LLC'S RESPONSE TO PLAINTIFF BWS PROPERTIES, LLC'S MOTION *IN LIMINE* AND FOR SANCTIONS has been served on the following counsel of record via email and through the Court's electronic filing system:

    Lynzi J. Archibald, Esq.
    Jessica M. Wolinsky, Esq.
    Miller & Martin PLLC
    832 Georgia Avenue, Suite 1200
    Chattanooga, TN 37402
    lynzi.archibald@millermartin.com
    jessica.wolinsky@millermartin.com

This the 31st day of July 2025.

    /s/ *Peter C. Robison*
    Peter C. Robison