UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BWS PROPERTIES, LLC, | ) | |
|---|---|---|
| *Plaintiff*, | ) | No. 1:24-cv-00029 |
| v. | ) | Judge Christopher H. Steger |
| AIRGAS USA, LLC, | ) | Non-Jury |
| *Defendant*. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE & FOR SANCTIONS**

Plaintiff BWS Properties, LLC ("BWS") hereby submits its reply in support of its Motion in Limine and for Sanctions (Doc. 26) in accordance with Fed. R. Civ. P. 30(d)(2) and 37. As set forth in more detail in its Motion, BWS requests an Order prohibiting Defendant, Airgas USA, LLC ("Airgas"), from presenting evidence or testimony in its dispositive briefing, at hearings, and/or at trial that contradicts or supplements the testimony (or lack thereof) offered by its designated corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6). BWS also seeks an award of attorneys' fees and expenses associated with its Motion.

**I.  BWS COMPLIED WITH THE COURT'S MEET AND CONFER REQUIREMENT.**

BWS complied with Judicial Preference 12 requiring that it confer with Airgas prior to filing its Motion. At the conclusion of the second corporate deposition, BWS's counsel informed Airgas's counsel of the deficiencies in the testimony provided, in part, as follows:

> "[O]n behalf of BWS . . . . after receiving the testimony of two witnesses who were designated specifically as corporate representatives for Airgas with respect to the majority of our 30(b)(6) notice topics, it has become clear to us that the witnesses were not properly prepared to testify on those topics for which they were specifically designated in accordance with the Federal Rules of Civil Procedure.

> Specifically, Airgas does not appear to have attempted to gather information or otherwise adequately prepare the witnesses so that they could address the notice topics on Airgas's behalf. Instead, the designated representatives have repeatedly limited their testimony to their own existing personal and individual knowledge, and have testified that they have no knowledge regarding the notice topics or portion thereof unless relating to their personal individual knowledge.[1]

BWS's counsel further reserved the right to request appropriate relief as a result of the deficiencies.[2] Airgas's counsel objected to the foregoing statement but made no further comments, did not thereafter discuss the same with BWS's counsel, and did not remedy the deficiencies in the final corporate deposition that took place one week later.[3]

Because Airgas was fully aware of the dispute and issues raised, but did not take any steps to remedy the same, it was apparent to BWS that Airgas did not intend to do so, that the Parties had a material disagreement regarding the requirements and standards applicable to corporate representative testimony, and that further discussion would not be productive. Therefore, BWS sufficiently complied with the meet-and-confer requirement.

## II. THE NUMBER OF CORPORATE REPRESENTATIVES (OR OTHER DEPOSED WITNESSES) DOES NOT DEMONSTRATE COMPLIANCE.

Airgas contends that it complied with the requirements of Fed. R. Civ. P. 30(b)(6) because it "made three different witnesses available" and "BWS ha[d] the benefit of [other fact witnesses'] knowledge, having taken [their] deposition."[4] However, the number of corporate representatives or other witnesses produced for deposition is not indicative of compliance with the federal rules. Fed. R. Civ. P. 30(b)(6) specifically provides that "[t]he persons designated must testify about information **known or reasonably available to the organization**." (emphasis added). Airgas could have complied with the rule by providing only one witness or by providing

---

[1] *See* Plaintiff's Motion, Doc. 26, **Ex. D**, Van Slyke Dep., 54:9-55:1.
[2] *Id*. at 55:12-20.
[3] *Id*. at 55:22-56:1; *see also* **Ex. E**, Harvey Dep.
[4] *See* Defendant's Response to Plaintiff's Motion ("Defendant's Response"), Doc. 31, p. 2.

2

multiple witnesses so long as it made appropriate efforts to prepare the representative(s) to testify with information that was known or reasonably available to Airgas. Thus, regardless of the number of witnesses, because Airgas failed to properly prepare its representatives and expressly admitted their testimony would be limited to personal knowledge, Airgas failed to comply with Fed. R. Civ. P. 30(b)(6).

Airgas further argues that because certain of the topics overlapped with subsequent expert testimony, BWS's motion is inappropriate. However, BWS is entitled to fact witness testimony on the identified topics, in addition to testimony from any expert properly identified by Airgas. Fact witnesses are entirely different from expert witnesses and governed by different rules. Airgas received notice of the topics well in advance of the depositions, conferred with BWS regarding minor issues, and without further dispute, identified its representatives. Airgas cannot now complain that BWS's noticed topics are improper simply because its expert witness later provided information that overlapped with the previously noticed fact witness testimony.

### III. AIRGAS NEVER OBJECTED TO THE APPLICABLE TIME FRAME, NOR DID IT ATTEMPT TO OBTAIN INFORMATION PERTAINING TO THE SAME (AS REQUIRED).

Airgas also argues that the time period for which BWS sought information – eighteen years – was too long, thus BWS cannot take issue with the fact that Airgas's representatives "did not know every little detail about the property since 2005."[5] Airgas mischaracterizes the issue. BWS did not expect Airgas to know *every single* detail about the Property between 2005 and June 1, 2023. Rather, the noticed topics requested specific information for that time period. Importantly, BWS expected Airgas's representatives to possess the requested knowledge because BWS provided appropriate notice of the topics (including this time frame) and, importantly, Airgas had

---

[5] *Id*.

ample opportunity to do object, but never did so.

Furthermore, Airgas's witnesses could not even testify to simple facts it could have easily obtained. Airgas should have gathered and imparted available knowledge to its representatives by reviewing relevant documents, discussing the topics with current and past employees, and otherwise gathering available information. For example, although Airgas's former Branch Manager, James Corley Johnson, was no longer employed and could not be designated as a corporate representative (as Airgas argues), Airgas could have attempted to contact him to discuss areas in which its corporate representatives were deficient. Airgas did not contact him, and its representatives confirmed they did not speak with anyone (other than counsel) to prepare.

Airgas also argues that BWS could subpoena records from other entities to obtain the missing information. However, in all likelihood, Airgas could more easily review its own records or contact these entities to obtain the information (and, in any case, it made no attempt to do so). It is not BWS's responsibility to remedy Airgas's deficiencies via other means. BWS is therefore entitled to relief.

IV. **AIRGAS'S REPRESENTATIVES WERE NOT PREPARED TO TESTIFY ON ITS BEHALF DESPITE RECEIVING ADVANCED NOTICE OF THE TOPICS.**

As demonstrated hereinabove and in BWS's Motion, Airgas not only failed to make any effort to gather appropriate information to prepare its representatives, but also, as each of the corporate representatives testified, failed to do much, if any, preparatory work, other than providing its representatives with a copy of the noticed topics.[6]

Airgas appears to contend that it was unable to prepare certain witnesses because the

---

[6] *See* Plaintiff's Motion, Doc. 26, Sections II and IV; **Ex. C**, Van Dyke Dep., 15:7-16:6, 19:19-21; **Ex. D**, Van Slyke Dep., 14:14-16:2; **Ex. E**, Tracy Harvey Dep., 15:1-17:18.

4

information requested was "not fairly included in the notice topics."[7] By way of example, Airgas argued it could not prepare Mr. Harvey to testify about certain details for the Property following a hailstorm in 2012 because BWS did not "fairly include[]" notice that it would request information about who was responsible for making and paying for [the] hailstorm repairs . . . .[8] However, this statement is false. Topic 14 in BWS's notice specifically requests information regarding "[t]he damage caused by and repairs made to the Property as a result of a hailstorm in 2012."[9] Questions relating to who was responsible for making and paying for the repairs undeniably falls within this topic. Airgas's contention that this information is "not relevant to the pending matter" is entirely irrelevant and improper because it was included in the notice and discussed with Airgas's counsel, but no objection was asserted.

## **CONCLUSION**

Pursuant to Fed. R. Civ. P. 30(b)(6), it was Airgas's responsibility to produce corporate representatives who were properly prepared to testify on its behalf regarding each of the topics noticed by BWS. Airgas had ample opportunity to properly prepare; however, during these depositions, it was readily apparent that Airgas's representatives did not possess and had not even attempted to obtain corporate knowledge regarding many of the noticed topics and were not prepared to fully, completely, or reliably testify on Airgas's behalf.

Airgas confirmed in its Response that it "does not anticipate its witnesses offering testimony different than that provided in the corporate representative depositions."[10] However, BWS seeks broader relief. BWS respectfully requests that this Court prohibit Airgas from offering

---

[7] *See* Defendant's Response, Doc. 31, p. 5
[8] *See* Defendant's Response, Doc. 31, p. 5.
[9] *See* Plaintiff's Motion, Doc. 26, **Ex. A**, Notice of 30(b)(6) Deposition; *see also id.*, **Ex. B**, Second Notice of 30(b)(6) Deposition.
[10] *See* Defendant's Response, Doc. 31, p. 5.

5

any testimony or evidence in its dispositive briefing, during hearings, and/or in the trial of this matter through *any* witness, not just its corporate representatives, that contradicts or supplements the testimony offered by its 30(b)(6) representatives. BWS also respectfully requests an award of BWS's attorneys' fees and costs associated with the preparation of this Motion, as well as any other relief the Court deems just and proper.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: /s/　　　*Jessica Wolinsky*
Lynzi J. Archibald, TN BPR No. 30063
Jessica M. Wolinsky, TN BPR No. 039785
832 Georgia Ave., Suite 1200
Chattanooga, TN 37402
Phone: (423) 756-6600
Fax: (423) 785-8480
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

*Counsel for Plaintiff BWS Properties, LLC*

## CERTIFICATE OF SERVICE

    The undersigned hereby certify that an exact copy of this pleading has been served upon counsel for all parties in this action, or upon said parties themselves as required by law, by delivering a copy thereof, via email and/or by depositing a copy of the same in the United States Mail, with sufficient postage affixed thereto, to ensure delivery to the following:

    Mary Beth Haltom White, Esq.
    Peter C. Robison, Esq.
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219

This 7th day of August 2025.

                                      **MILLER & MARTIN PLLC**

                                      By: /s/    *Jessica Wolinsky*