UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BWS Properties, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:24-CV-00029-KAC-CHS |
| | ) |
| Airgas USA, LLC, | ) |
| | ) |
| *Defendant*. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff BWS Properties, LLC ("Plaintiff" or "BWS") submits this response in opposition to Defendant's Motion for Partial Summary Judgment (Doc. 29).

I. **INTRODUCTION**

This case arose as a result of Airgas USA, LLC's ("Airgas") failure to properly maintain and surrender certain property owned by BWS, located at 700 Manufacturers Road, Chattanooga Tennessee (the "Property"), pursuant to an Industrial Building Lease (the "Lease") executed by the parties. BWS merely seeks to have the Court enforce the Lease as it is written.

Pursuant to the Lease, Airgas was required to reimburse BWS for taxes associated with the Property. Despite receiving two separate invoices, Airgas failed to pay the amount due for over a year. The Lease unequivocally imposes certain late fees and interest for submitting payments after they are due. As such, BWS is entitled to recover from Airgas the associated late fees and interest incurred prior to Airgas's eventual payment, and Airgas is not entitled to summary judgment with respect to this issue.

Additionally, Airgas appears to argue that, if the testimony of BWS's expert witness is

excluded, it is automatically entitled to summary judgment with respect to BWS's damages related to repairs to the Property. As support for these damages, BWS retained and disclosed expert witness Nicholas Cornelison to opine as to the extent of the damage to the Property and the reasonableness of the quote provided by T.U. Parks Construction. In seeking to exclude Mr. Cornelison's testimony, Airgas mischaracterizes both the purpose for which BWS retained Mr. Cornelison and the bases for his opinions. As further demonstrated in BWS's Response in Opposition to Airgas's Motion to Exclude Testimony, Mr. Cornelison's testimony properly supports BWS's damages, and Airgas has failed to demonstrate that Mr. Cornelison's testimony should be excluded under applicable law. Additionally, even if Mr. Cornelison's testimony were to be excluded, Airgas has failed to demonstrate that BWS's damages would be barred as a matter of law. Thus, Airgas is not entitled to summary judgment with respect to this issue.

Finally, BWS withdraws its claim for damages associated with holdover tenancy and does not dispute that the final lease period – 2022 to 2023 – is the relevant time period for assessing damages.

## II. STATEMENT OF FACTS

1. BWS owns certain commercial property located at 700 Manufacturers Road, Chattanooga, Tennessee 37405.[1]

2. Airgas began leasing the Property from BWS in 2005 and continued to do so until June 1, 2023.[2]

3. BWS and Airgas entered into the final Industrial Building Lease ("Lease") for the Property, effective June 1, 2022.[3]

---

[1] Defendant's Answer to Complaint ("Answer"), Doc. 13, p. 2 ¶ 6.
[2] *Id.* at ¶ 9.
[3] Complaint, Doc. 1-1, Ex. A, p. 1.

4.     On February 6, 2023, Airgas notified BWS of its intention not to renew the Lease and to vacate the Property.[4]

5.     On or about May 31, 2023, Airgas vacated the Property.[5]

6.     Pursuant to the Lease, Airgas was required to reimburse BWS for property taxes assessed by Hamilton County and the City of Chattanooga.[6]

7.     On May 31, 2023, BWS invoiced Airgas for prorated insurance and property tax amounts, totaling $18,356.02.[7]

8.     In November 2023, BWS paid the property taxes and thereafter provided an updated invoice and supporting documentation to Airgas.[8]

9.     On May 12, 2025, Airgas reimbursed BWS for the invoiced amount.[9]

10.     Airgas has not paid the associated late fees and interest.[10]

11.     In support of the damages sought for Property repairs, on May 13, 2025, BWS disclosed expert witness, Nicholas Cornelison.[11]

12.     BWS confirmed in its disclosure that Mr. Cornelison would opine that (i) the identified costs associated with the repairs identified by T.U. Parks Construction are accurate fair, and reasonable based on the known scopes of work; and (ii) the Property was not preserved, maintained, or repaired in good working order.[12]

---

[4] **Ex. A**, Affidavit of Jennifer Nevans, ¶ 1.
[5] *Id.* at ¶ 4.
[6] Doc. 1-1, Complaint, Ex. A, p. 4 ¶ 3.3.2.
[7] *See* Answer, Doc. 13, p. 5 ¶ 29.
[8] **Ex. A**, Affidavit of Jenny Nevans ¶ 6; *see also* **Ex. B**, Excerpts from Deposition of Jennifer Nevans ("Nevans Dep."), 90:24-91:7.
[9] **Ex. A**, Affidavit of Jenny Nevans ¶ 7.
[10] *Id.* at ¶ 8.
[11] **Ex C**, Plaintiff's Expert Disclosure.
[12] *Id.* at 2.

13. On July 22, 2025, Airgas filed a Motion to Exclude Testimony of Plaintiff's Expert Witness ("Motion to Exclude").[13]

14. On August 8, 2025, BWS filed its Response in Opposition to Airgas's Motion to Exclude.[14]

### III. LAW & ARGUMENT

#### A. Summary Judgment Standard

"[Federal Rule of Procedure] 56(c) provides that the trial judge shall . . . grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986). Initially, the movant must demonstrate that there is not a genuine issue of material fact. *Yoe v. Crescent Sock Co.*, 314 F. Supp. 3d 892, 901 (E.D. Tenn. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet that burden, "the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor." *Walker v. Town of Greeneville*, 347, F. Supp. 2d 566, 569 (E.D. Tenn. 2004) (citing *Anderson*, 477 U.S. at 248).

The court cannot weigh evidence to determine whether the non-moving party has met its burden and must instead view the facts and all inferences to be drawn from the facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Walker*, 347 F. Supp. 2d at 569. In sum, "[t]he judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented" to create an issue of fact. *Walker*, 347 F. Supp. 2d at 569.

---

[13] *See* Defendant's Motion to Exclude Testimony of Plaintiff's Expert Witness Nicholas Cornelison, Docs. 27-28.
[14] *See* BWS's Response in Opposition to Defendant's Motion to Exclude Testimony of Plaintiff's Expert Witness Nicholas Cornelison, Doc. 35.

### B. Airgas Failed to Timely Reimburse BWS for Property Taxes.

"Under Tennessee law, the elements for a breach-of-contract claim are: (1) the existence of an enforceable contract; (2) nonperformance amounting to breach of the contract; and (3) damages caused by the breach of contract." *Thornton v. Dutch Naturals Processing, LLC*, 629 F. Supp. 3d 777, 787 (M.D. Tenn. 2022) (citations omitted).

An enforceable contract exists between the parties and Airgas breached the same when, *inter alia*, it failed to reimburse BWS for property taxes.[15] Under past leases, Airgas had complied with this requirement without issue or dispute.[16] However, despite receiving invoices from BWS in May 2023 and January 2024, Airgas failed to pay the amounts due until nearly two years later.[17] To date, Airgas has not paid the corresponding late fees and interest imposed by the Lease for its failure to timely reimburse BWS.

The Lease clearly sets forth Airgas's obligations related to late fees and interest for past due payments:

> In the event Tenant does not reimburse Landlord within such fifteen (15) day period set forth herein, Tenant shall pay a late fee of Five Hundred and No/100 Dollars ($500.00) and any outstanding reimbursement shall accrue interest at the highest rate allowed by law.[18]

---

[15] *See* Doc. 13, Answer, p. 5 ¶ 30 ("Airgas admits it is responsible for reimbursing Plaintiff real property taxes prorated for the amount of time that Airgas leased the subject property"); *id.* at p. 6 ¶ 32–33 ("Airgas admits it is responsible for reimbursing Plaintiff certain insurance amounts . . . . Airgas admits that it agreed to reimburse Plaintiff for said insurance").

[16] *See* **Ex. D**, Excerpts from Deposition of Dawn Van Dyke ("Van Dyke Dep.") 9:13–15; 37:6–21; 38:7-17 (explaining that Airgas has followed this process since Van Dyke began working there in 2013) (emphasis added).

[17] *See* Complaint, Doc. 1-1, Ex. A, 3.3.2 ("Tenant's liability for reimbursement shall be prorated if the Term expires or terminates prior to the end of the period for which such Taxes are assessed.") ; **Ex. B**, Nevans Dep., 84:15-21; **Ex. D**, Van Dyke Dep. 41:16–25; 41:1–5. Because property taxes are calculated by Hamilton County and the City of Chattanooga and not due until the fall of each year, at the time Airgas terminated the Lease, BWS had not actually paid these taxes

[18] *See* Complaint, Doc. 1-1, Ex. A, § 3.3.2.

Airgas confirmed in its Motion that BWS sent notice of its payment of property taxes.[19] However, Airgas did not reimburse BWS until over a year later. As such, Airgas failed to timely reimburse BWS for property taxes, and BWS is entitled to late fees and interest under the clear terms of the Lease. *See Brookside Mills, Inc. v. Gulfkay Leasing, Inc.*, No. 03A01-9101CH00030, 1991 WL 138513, at *4 (Tenn. Ct. App. 1991) ("Here, the agreement in question expressly provided for interest on past due payments. It is a generally accepted rule of law that where, as here, a party has a specific contractual obligation to pay interest, the Court will enforce the contract . . . ."); *see also Phenix Square, Ltd. v. Wright*, 682 S.W.2d 518, 522 (Tenn. Ct. App. 1984) (affirming the chancellor's grant of interest on the damages recovered by the Landlord where there was a "specific contractual obligation" to do so, and therefore the chancellor "did nothing more than to enforce the contract between the parties.").

    **C.    BWS's Expert Testimony Sufficiently Supports the Damages Sought.**

Airgas contends, without offering any legal support whatsoever, that BWS cannot recover repair costs for Airgas's damage to the Property[20] absent expert testimony because its retained expert – Nicholas Cornelison – is only offering an opinion about the cost of performing the scopes of work identified by T.U. Parks Construction.[21]

As set forth in more detail in Plaintiff's Response in Opposition to Defendant's Motion to Exclude,[22] BWS retained Mr. Cornelison for the purpose of opining as to (i) whether the costs identified by T.U. Parks Construction are accurate, fair, and reasonable; and (ii) whether the

---

[19] *See* Defendant's Motion, Doc. 30, p. 10.
[20] Notably, Airgas also seeks other damages resulting from Airgas's damages to the Property, including but not limited to lost rental value. *See* Complaint, Doc. 1, p. 6 ¶ 45. BWS's Motion does not address or seek summary judgment with respect to the same.
[21] *See* Defendant's Motion, Doc. 30, p. 12.
[22] *See* Plaintiff's Response in Opposition to Defendant's Motion to Exclude Testimony, Doc. 35. Plaintiff incorporates the arguments in its Response as if fully set forth herein.

Property was preserved, maintained, and repaired in good working order.[23]

BWS did not retain Mr. Cornelison to opine about "what party caused any particular damage, when the damages [were] caused, or who should pay for it."[24] And, it would ultimately be improper for Mr. Cornelison to testify to these topics because he is not a fact witness and testimony as to causation and timing are factual disputes. BWS has retained Mr. Cornelison as an expert witness, not a fact witness.[25] Additionally, questions of who is legally responsible for paying for said repairs are mixed question of fact and law, which would be equally improper for Mr. Cornelison to address.

The scope of Mr. Cornelison's testimony is, therefore, appropriate. Contrary to Airgas's arguments, his testimony is also reliable and properly supported. Mr. Cornelison visited the Property, reviewed various documents produced in this matter, and memorialized his findings in a report, in accordance with the Scheduling Order (Doc. 22) and Fed. R. Civ. P. 26. Therefore, Mr. Cornelison's testimony should not be excluded.

Importantly, even if Mr. Cornelison's testimony were limited or barred as Airgas has requested, this does not mean (and Airgas has not asserted) that BWS's repair damages cannot be proven by other evidence. Airgas does not argue that BWS cannot prove causation and liability, but only that BWS cannot prove these elements through its expert witness. Airgas has also not demonstrated that BWS is required to prove causation or liability for repair damages through the testimony of an expert witness such that said damages would be legally barred if his testimony

---

[23] *See* **Ex. C**, Plaintiff's Expert Disclosure.
[24] *See* Defendant's Motion, Doc. 30, p. 12.
[25] *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is **limited to one that is** . . . rationally based on **the witness's perception** . . . [and] **not based on** scientific, technical, or **other specialized knowledge within the scope of Rule 702**.") (emphasis added).

were to be excluded. Finally, Airgas has not presented any facts,[26] evidence, or arguments purportedly disproving causation or liability for repair damages as required by the Federal Rules to demonstrate that there is no dispute of material fact.

### D. BWS Withdraws its Claim for Damages Associated with Holdover Tenancy and Does Not Dispute the Relevant Time Period Proposed by Airgas.

Airgas contends that it does not have any responsibility to BWS under prior leases (*i.e.*, before the final lease in 2022-2023) and that it was not a holdover tenant after terminating the Lease, effective June 1, 2023.[27] Having plead in the alternative, BWS now withdraws its claim for damages associated with holdover tenancy. For the purpose of narrowing the issues to be decided, BWS also does not dispute that the relevant time period for damages is the final lease period of June 1, 2022, through June 1, 2023.

## IV. CONCLUSION

The terms of the Lease between BWS and Airgas are clear. Airgas was required to reimburse BWS for property taxes and, by failing to timely do so, it must pay BWS the associated late fees and interest. Airgas has not demonstrated that the testimony of BWS's expert witness should be excluded; BWS properly disclosed its expert witness, as well as the specific topics upon which he would opine, and has further demonstrated that the testimony is reliable and properly supported. Airgas has also failed to demonstrate that, even if said expert testimony were to be excluded, it is automatically entitled to summary judgment with respect to BWS's Property repair damages.

---

[26] Fed. R. Civ. P. 56(c)(1) requires a "party asserting that a fact cannot be . . . genuinely disputed [to] support the assertion by . . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Here, Airgas has merely provided a recitation of the procedural history of this case without providing or citing to any facts in support of its arguments regarding repair damages.

[27] *See* Defendant's Motion, Doc. 30, pp. 6-9, 11-12.

For these reasons, Airgas is not entitled to summary judgment in its favor with respect to property tax interest and late fees or repair costs, and BWS respectfully requests that Airgas's Motion for Summary Judgment regarding these damages be denied.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: /s/ *Jessica M. Wolinsky*
Lynzi J. Archibald, BPR # 30063
Jessica M. Wolinsky, BPR # 039785
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

***Counsel for Plaintiff, BWS Properties, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, a true and correct copy of the foregoing document was filed electronically, together with all attachments and/or exhibits. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, which are as follows:

Mary Beth White, BPR #24462
Peter C. Robison, BPR #027498
424 Church Street, Ste. 2500
Nashville, Tennessee 37219
(615) 259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com

**MILLER & MARTIN PLLC**

By: /s/ *Jessica M. Wolinsky*