IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BWS PROPERTIES, LLC, | ) |
| | ) Case No. 1:24-CV-29-KAC-CHS |
| Plaintiff, | ) |
| v. | ) JUDGE KATHERINE A. CRYTZER |
| | ) |
| AIRGAS USA, LLC, | ) MAGISTRATE JUDGE |
| | ) CHRISTOPHER H. STEGER |
| Defendant. | ) |

## DEFENDANT AIRGAS USA, LLC'S REPLY TO THE RESPONSE TO MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF BWS PROPERTIES, LLC'S EXPERT WITNESS NICHOLAS "NIC" CORNELISON

Defendant Airgas USA, LLC ("Defendant" or "Airgas") files this Reply to the Response to Airgas' Motion to Exclude portions of the testimony of proposed expert witness Nicholas "Nic" Cornelison on behalf of Plaintiff BWS Properties, LLC ("BWS" or "Plaintiff").

In its Response, BWS appropriately cites Sixth Circuit case law that exclusion of expert testimony should be used like "a scalpel, not a butcher knife." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009). Airgas agrees with that principle, and that is why Airgas has specifically addressed the portions of Mr. Cornelison's proffered testimony that lack basis. In this Reply, Airgas will address the arguments made in BWS' Response and why they fail to support the admission of Mr. Cornelison's testimony under Federal Rules of Evidence 702 and 703 and current applications of the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597 (1993) in the Sixth Circuit.

1. <u>Mr. Cornelison's lack of basis, rather than momentary lapses of memory, renders his opinions inadmissible.</u>

With respect to repair amounts paid by BWS, Airgas does not argue that Mr. Cornelison's testimony should be excluded because he forgot a detail, but rather, that he never

reviewed that information such that it could form a basis for his opinions. It is true that he could not identify which garage door was repaired, but more importantly, he had not reviewed the invoice and lacked information to support an assertion that the repair was necessitated by any failure of Airgas. Exhibit C to Airgas' Motion to Exclude Testimony, Excerpts from the Deposition of Nicholas Cornelison ("Cornelison Depo.") pp. 157:12-159:18, Docket Entry No. 27-1.

Likewise, Mr. Cornelison could not identify whether the reported damage to the fence occurred before or after the property located at 700 Manufacturers Road (the "Property") was surrendered to BWS, and he had not reviewed the invoice to be able to determine the nature and scope of the repair work by A. Barnes Fence Co. *Id*. Under Federal Rule of Evidence 703, he lacks any basis to opine that such prices were appropriate, much less that they were necessitated by any act or omission by Airgas. Mr. Cornelison could not remember reviewing the invoices, and he never reviewed deposition testimony of witnesses about what work was performed. Exhibit A to Airgas' Motion to Exclude Testimony, Docket Entry No. 27-1.

Finally, with respect to the Oasis Heating & Air invoices, Mr. Cornelison could not say what HVAC system was maintained, whether the work was necessitated by any failure or omission by Airgas. Exhibit C to Airgas' Motion to Exclude Testimony, Excerpts from the Deposition of Nicholas Cornelison ("Cornelison Depo.") pp. 48:10-49:17, Docket Entry No. 27-1. Consequently, his testimony regarding these landlord-funded expenses was not based on sufficient facts or data and should be excluded because it cannot assist the trier of fact.

**2. Mr. Cornelison lacks a basis to offer opinions regarding maintenance of or the condition of the Property during the Lease period from June 1, 2022 to May 31, 2023 the relevant acknowledged by BWS.**

BWS concedes that it has produced no expert testimony as to causation, as it admits in its Response that "BWS did not ask Mr. Cornelison to provide an opinion" on "what necessitated the repair work, the timing of the repairs, when the damage occurred, or why the repairs should be Airgas's responsibility." Response p. 4, Docket Entry No. 35. If Mr. Cornelison cannot offer such opinion, BWS has functionally conceded that it has no proof as to any alleged damages to the Property beyond the minor drywall repairs Airgas has already acknowledged.

BWS flatly declares that Mr. Cornelison is not disclosed to provide "testimony as to causation," which essentially proves Airgas's pending Motion for Partial Summary Judgment as to those elements. However, BWS does appear to try to get Mr. Cornelison's testimony in by saying that it involves "the condition of the Property." Response p. 5, Docket Entry No. 35. However, Mr. Cornelison admitted that he had no knowledge of the Property prior to his inspection in 2025, and the only records and photos he reviewed were from 2023 or later. Exhibit A to Airgas' Motion to Exclude Testimony, Docket Entry No. 27-1. In fact, other than a few promotional photos taken by BWS for use in real estate listings, none of the records he reviewed were from before May 31, 2023, the last date of the Lease. *Id.*

In response to Airgas' Motion for Summary Judgment, BWS has conceded that the applicable period is that of the final Lease period with a Commencement Date of June 1, 2022, until May 31, 2023. BWS Response to Airgas Motion for Partial Summary Judgment p. 8, Docket Entry No. 37. But, having never seen the Property during that period and lacking knowledge of the condition of the Property on the Commencement Date or thereafter, Mr. Cornelison lacks a basis to opine as to the condition of the Property during the relevant period,

including the issue of "whether the Property was preserved, maintained, or repaired in good working order." Plaintiff's Expert Disclosures p. 2, Document Entry No. 35-1. Mr. Cornelison did not review deposition testimony of witnesses such as Jennifer Nevans, Tracy Harvey, Peter Van Slyke, or James Corley Johnson to form a basis for any opinion on the condition of the Property on the Commencement Date or the applicable Lease period. Consequently, he cannot opine on the maintenance of the Property, and his testimony should be excluded.

> **3. Mr. Cornelison's testimony regarding purported increases in costs is based on information not permitted by Rule 702 and is unreliable under Rule 703.**

With respect to Mr. Cornelison's proffered opinion about increases in costs and reliance on an unidentified author from a website, his inability to even identify the author, his or her qualifications, or the underlying data supporting the article's conclusions render the as-yet unproduced materials unreliable and subject to exclusion. It is true that Federal Rule of Evidence 703 allows an expert to rely on facts not admitted into evidence if those facts are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. However, it is not enough for Mr. Cornelison to say that he regularly uses information from the CONSTRUCTIONDIVE.com website. Instead, he must have shown that his "testimony is based on sufficient facts or data," that his "testimony is the product of reliable principles and methods," and that his opinion "reflects a reliable application of those principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Because he cannot even point to a particular author, and has not identified any particular article or data set, Mr. Cornelison cannot state what facts or figures went into the calculation of purported increased costs, who did the calculations, or whether they are the sort upon which an expert may rely. This speculative and baseless opinion regarding a purported increase in costs should be excluded.

4

### 4. Mr. Cornelison's proposed testimony regarding additional scopes of work are unsupported by any measurements, facts, or data and are unreliable under Rule 702.

Finally, with respect to the additional scopes of work for which Mr. Cornelison gave estimates, BWS has argued that "Mr. Cornelison was retained to offer, and has offered, his expert opinion as to the reasonableness of the T.U. Parks Construction pricing." Response p. 8, Document Entry No. 35. However, this response cannot support the reliability of the proposed testimony regarding additional scopes of work, because according to Mr. Cornelison, the additional scopes of work were <u>not</u> part of the T.U. Parks Construction pricing. If Mr. Cornelison was able to say what it would cost to perform that work, he would still need to provide the facts or figures he used to calculate those amounts, and he has admitted he cannot do so. Cornelison Depo. pp. 77:20-22; 92:7-9. This proposed testimony is not based on sufficient facts or data as required by Rule 702, and amounts to "unsupported speculation" rather than the "reliable foundation" required by Sixth Circuit case law. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008).

### CONCLUSION

For the reasons stated above and those articulated in the memorandum of Law in Support of Defendant Airgas' Motion, the testimony of BWS' expert Nicholas Cornelison should be excluded pursuant to Rule 703 and *Daubert* and its progeny.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/*Peter C. Robison*
    Mary Beth White, BPR #24462
    Peter C. Robison, BPR #27498
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    probison@lewisthomason.com

*Counsel for Defendant Airgas USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFENDANT AIRGAS USA, LLC'S REPLY TO RESPONSE TO MOTION TO EXCLUDE TESTIMONY OF NICHOLAS CORNELISON has been served on the following counsel of record via email and through the Court's electronic filing system:

    Lynzi J. Archibald, Esq.
    Jessica M. Wolinsky, Esq.
    MILLER & MARTIN PLLC
    832 Georgia Avenue, Suite 1200
    Chattanooga, TN 37402
    lynzi.archibald@millermartin.com
    jessica.wolinsky@millermartin.com

This the 18th day of August, 2025.

        /s/*Peter C. Robison*
        Peter C. Robison