IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BWS PROPERTIES, LLC, | ) |
|     Plaintiff, | ) CASE NO. 1:24-CV-29-KAC-CHS |
| v. | ) MAGISTRATE JUDGE |
| | ) CHRISTOPHER H. STEGER |
| AIRGAS USA, LLC, | ) |
|     Defendant. | ) |

## DEFENDANT AIRGAS USA, LLC'S MOTION TO COMPEL MEDIATION AND CONTINUE TRIAL

Defendant Airgas USA, LLC ("Defendant" or "Airgas"), by and through counsel, and pursuant to Local Rules 16.3 and 16.4(a), hereby moves this Honorable Court for entry of an Order compelling the parties to return to mediation to attempt resolution of this matter, and for the bench trial of this matter to be continued.

As grounds for this motion, Airgas would show that the parties made an early attempt at mediation on June 14, 2024, before discovery was conducted. At that time, the parties lacked sufficient information to reach a resolution, and the mediation was not successful.

The parties have now completed all fact and expert discovery, and the universe of facts is now established. Plaintiff BWS Properties, LLC ("Plaintiff" or "BWS") has additionally withdrawn one of its claims, that of holdover tenancy, which eliminated a claim in excess of $185,730.00 in claimed unpaid rent and a further amount of unpaid insurance, taxes, and utilities. BWS has also conceded that the relevant period for the purposes of potential damages is the period from June 1, 2022, to May 31, 2023 (the "relevant period"), which significantly narrowed the temporal scope of the claims. Furthermore, Airgas has voluntarily paid $18,356.02 to BWS, representing the principal amount of claimed prorated insurance and property taxes for the relevant

period. Airgas submits that the issues have been significantly narrowed since the first mediation, which would make the second mediation more focused.

As the Court observed during the hearing on Airgas' *Daubert* motion on September 11, 2025, the parties would benefit from a renewed effort towards resolution, and there are multiple options for mediators with experience in construction or real property issues in the region that could help the parties reach an agreement.

Since the hearing on September 11, 2025, counsel for Airgas has discussed the possibility of mediating on multiple occasions. However, BWS has thus far rejected such proposals, and maintains that the damages it will incur going forward, including attorneys' fees, are greater than the claims already resolved. Airgas submits that it would be mutually beneficial for the parties to return to mediation, particularly if it would avoid unnecessary legal costs and expenses that have yet to be incurred, and requests that the Court order the parties to attend mediation by December 1, 2025, before a mediator on which both parties can agree.

Wherefore, In order to facilitate the requested second mediation, Airgas further requests that the Court continue the bench trial of this matter, which is currently set to begin on December 9, 2025, so that the parties may avoid incurring costs of trial preparation before attempting mediation and thereby improve the likelihood of a successful resolution.

Respectfully submitted,

By: /s/ *Peter C. Robison*
    Mary Beth White, BPR #24462
    Peter C. Robison, BPR #27498
    LEWIS THOMASON, P.C.
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    mbwhite@lewisthomason.com
    probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on October 22, 2025, a true and correct copy of the foregoing DEFENDANT AIRGAS USA, LLC'S MOTION TO COMPEL MEDIATION AND CONTINUE TRIAL has been served on the following counsel of record through the Court's electronic filing system:

    Lynzi J. Archibald, Esq.
    Jessica M. Wolinsky, Esq.
    Miller & Martin PLLC
    832 Georgia Avenue, Suite 1200
    Chattanooga, TN 37402
    lynzi.archibald@millermartin.com
    jessica.wolinsky@millermartin.com

    /s/ *Peter C. Robison*
    Peter C. Robison