UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BWS PROPERTIES, LLC, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>AIRGAS, LLC, )<br>    *Defendant*. ) | No. 1:24-cv-00029-CHS |

## O R D E R

This matter is before the Court upon Defendant Airgas USA, LLC's Motion to Exclude Testimony of Plaintiff BWS Properties, LLC's Expert Witness Nicholas Cornelison. [Doc. 27]. The Court conducted a hearing on this motion on September 11, 2025. Jessica Wolinsky and Lynzi Archibald appeared for Plaintiff. Peter Robison appeared for Defendant.

By way of background, in this lawsuit Plaintiff BWS Properties, LLC ("Plaintiff" or "BWS") claims that its former long-term tenant, Defendant Airgas USA, LLC ("Defendant" or "Airgas"), breached a written lease agreement between the parties resulting in various damages incurred by Plaintiff (e.g., property repairs, unpaid monthly holdover rent, unpaid taxes, unpaid insurance costs, and unpaid utility costs) to its property located at 700 Manufacturers Road in Chattanooga, Tennessee. [Complaint, Doc. 1-1].

In support of Plaintiff's claim for damages to the subject property, Plaintiff originally had a local construction contractor, T.U. Parks Construction Co. ("Parks Construction"), prepare estimated budgets for repairs to the property. To that end, Parks Construction prepared two proposed budgets in June 2023 detailing items to be repaired and estimating the total cost as $534,584.36 ("the Parks Estimate") [Doc. 27-2].

1

As indicated, the present motion was filed in response to Plaintiff's expert disclosure. The Court's Scheduling Order [Doc. 22] established the following deadline for expert disclosures,

> **Expert Disclosures.** Disclosure of any experts and expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) which any party seeks to use to meet its burden of proof shall be made by **May 13, 2025**. Disclosure of rebuttal expert testimony shall be made by the parties by **June 10, 2025**. Rebuttal expert testimony challenges the opinions or methods of a previously disclosed expert and is no broader in scope. Such disclosures shall include any required written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), and/or any required statement for experts not specially retained pursuant to Fed. R. Civ. P. 26(a)(2)(c)

Plaintiff's counsel made its expert disclosure in a timely manner by sending to Defendant's counsel, on May 13, 2025, information about its designated expert, Nic Cornelison, as well as a report prepared by Mr. Cornelison of P&C Construction in which Mr. Cornelison details the "budgets and costs associated with necessary repairs for BWS Properties, LLC's facility located at 700 Manufacturers Road, Chattanooga, TN 37405." [Doc. 35-1]. The report consists of three pages and estimates costs of repair to the subject property to be $722,487.08. Following receipt of the report, Plaintiff's counsel deposed Mr. Cornelison on July 3, 2025.

In the present motion, Defendant cites *Pride v. BIC Corp.*, 218 F. 3d 566, 577 (6th Cir. 2000) for the proposition that, "[t]o qualify as an expert under Rule 702, a witness must first establish his expertise by reference to 'knowledge, skill, experience, training, or education.'" Defendant also points to the Court's "gatekeeping role" in screening the reliability of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Against that backdrop, the Court does not interpret Defendant's present challenge to be aimed at Mr. Cornelison's experience and qualifications to offer an opinion about the accuracy or reasonableness of the projected costs of the projected scope of work. Indeed, based upon Mr. Cornelison's curriculum vitae, it appears that he has more than 25 years of experience in the construction field; he has worked extensively on commercial construction projects; and his work experience is

2

focused on creating construction project work plans and maintaining construction budgets and schedules. On the face of things, Mr. Cornelison appears to have the requisite experience and expertise to evaluate the reasonableness of cost estimates in connection with a wide variety of construction projects. Defendant counsel does not argue to the contrary in his motion.

Defendant's arguments are centered on two issues. First, Defendant contends that Mr. Cornelison's report:

> does not include any opinions about the reasons why any of the scopes of work might be necessary. The Cornelison Report does not identify when any particular repairs became necessary, whether the scopes of work were caused by any particular party, or whether they were caused by any alleged breach of the Lease agreement between BWS and Airgas.

[Doc. 28]. At his deposition, Mr. Cornelison conceded that his expert opinions would be confined to the reasonableness of the price to perform certain designated work, and not to the cause or necessity of such work. [*Id.*] At the hearing on the present motion, Plaintiff's counsel took this particular issue off the table by confirming that Mr. Cornelison's expert testimony would be confined to his opinion concerning the reasonableness of the price of designated work, not the cause or necessity of such work.

Defendant's second argument is that Mr. Cornelison does not have a sufficient factual foundation to support his opinions. By way of example, Defendant cites the following (paraphrased) [Doc. 28]:

- Mr. Cornelison states that $7,388.50 spent by Plaintiff in 2023 and 2024 for repairs was accurate fair and reasonable, but in his deposition, Mr. Cornelison admitted that he had not reviewed invoices reflecting the scope of work performed and did not know what work was included. [*Id.*]

- Mr. Cornelison states that the budgets prepared by Parks Construction totaling $534,584.36 for work that needed to be done on the subject property was accurate, fair, and reasonable; however, Mr. Cornelison admitted in his deposition that he did not talk with anyone at Parks Construction about the scope of work set forth in the proposed budget. [*Id.*]

3

- Mr. Cornelison represented that the amount budgeted by Parks Construction should be increased by 19.4% based on information that he read on a construction information website; however, in his deposition, he could not recall the name of the author or the article on the website. [*Id.*]

- Mr. Cornelison provided pricing for additional work that was not included in the Parks Construction budget for insulation ($8,107.50), drywall and ceiling repair ($13,617.82), concrete sidewalk and ramp replacement ($4,878.11), concrete slab replacement ($44,322.00), and work on gutters, downspouts, and metal siding ($5,879.43). In his deposition, Mr. Cornelison stated that he relied on a Parks Construction employee, Arch Willingham, to tell him whether these work items were included in the budgets provided by Parks Construction. [*Id.*]

- Further, "[t]he Cornelison Report does not include any opinions about the reasons why any of the scopes of work might be necessary. The Cornelison Report does not identify when any particular repairs became necessary, whether the scopes of work were caused by any particular party, or whether they were caused by any alleged breach of the Lease agreement between BWS and Airgas." [*Id.*]

The Court agrees with Defendant that Mr. Cornelison's testimony makes clear that he does not possess sufficient facts to render an expert opinion with respect to the cause of the damage or the scope of necessary work at the subject property; however, this issue is not disputed by Plaintiff. To the contrary, Plaintiff's counsel had represented to the Court—and Mr. Cornelison has testified in his deposition—that his expert opinions will be confined to the reasonableness of pricing of the scope of work. The Court will confine Mr. Cornelison's opinions to that topic.

With respect to the specific scope and limits of Mr. Cornelison's opinions on the pricing of the work that does need to be performed, Fed. R. Evidence 702 and 703 will guide the Court in making that determination. These rules provide as follows:

> **Rule 702. Testimony by Expert Witnesses**
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

4

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

**Rule 703. Bases of an Expert**
An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

To the extent Defendant is arguing that Mr. Cornelison's opinions are without factual foundation, the Court will consider such challenge to be in the nature of a motion in limine. The Court is currently without sufficient information to determine whether Mr. Cornelison's opinions are based on sufficient facts or data. In each instance where Mr. Cornelison renders an opinion concerning the reasonableness of pricing with respect to certain scope of work, the Court will assess whether his testimony is based on sufficient facts or data, keeping in mind that he may base an opinion on facts or data that: (1) he has been made aware of; or (2) personally observed. Ultimately, the concerns that Defendant has raised about the factual support for Mr. Cornelison's opinions appear to bear more on the weight of the evidence at trial rather than the admissibility of those opinions, but the Court will, of course, reserve the right to disallow Mr. Cornelison's opinions if they are unsupported by sufficient facts or data.

For the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant Airgas USA, LLC's Motion to Exclude Testimony of Plaintiff BWS Properties, LLC's Expert Witness Nicholas Cornelison. [Doc. 27] is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff's proposed expert witness, Nicholas Cornelison will not be allowed to offer expert opinions on the cause of the damage or the scope of necessary work at the subject property. He may, however, offer opinions as to the reasonableness of pricing of the scope of work.

3. This Order is without prejudice to Defendant's right to object to the factual foundation of Mr. Cornelison's opinions in the context of the evidence presented at trial.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE