UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
|     *Plaintiff*, | ) | No. 1:24-cv-00029 |
| | ) | |
| v. | ) | Judge Christopher H. Steger |
| | ) | |
| AIRGAS USA, LLC, | ) | Non-Jury |
|     *Defendant.* | ) | |

## FIRST AMENDED SCHEDULING ORDER

The Court held this case in abeyance to give the parties an opportunity to engage in mediation, which the parties have scheduled on December 18, 2025, before Attorney Bill Colvin. As a result, an amended scheduling order is being entered to address the new trial date and the remaining unexpired scheduling deadlines. To that end, a scheduling conference was held by videoconference on December 11, 2025. Present representing Plaintiff were attorneys Lynzi Archibald and Jessica Wolinsky. Present representing Defendant were attorneys Mary Beth Haltom White and Peter Robinson.

The following amended scheduling deadlines[1] shall be observed by the parties and will be altered only upon further order of the Court either at the Court's own initiative or upon motion of a party supported by good cause.

    a. **Final Pretrial Disclosures.** On or before **May 15, 2026**, the parties shall make the pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3)(A)(ii) and (iii). (Deposition testimony and exhibit list). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date. Each party will have ten (10) days after service to object to witnesses or exhibits.

    b. **Motions in Limine.** Any motions in limine must be filed no later than **June 19, 2026**.

---

[1] This First Amended Scheduling Order includes only the scheduling deadlines which have been amended. All other instructions and deadlines contained in the original Scheduling Order [Doc. 22] which are not expressly amended herein, shall remain in full force and effect.

c. **Proposed Findings of Fact and Conclusions of Law.** Since this is a nonjury trial, the parties shall submit to the Court proposed findings of fact and conclusions of law, which shall be supported by citations of authority in accordance with Local Rule 52.1, on or before **June 19, 2026**. Proposed findings of fact shall set forth the facts in chronological order that each party intends to prove at trial. Conclusions of law shall include: (1) the elements of each cause of action and each affirmative defense; (2) who bears the burden of proof; (3) the standard by which each cause of action or affirmative defense must be proven; and (4) the appropriate type of remedy or remedies for each cause of action. Further, conclusions of law should be supported with appropriate authority pursuant to Local Rule 7.4 and should not be argumentative. Each party shall send a copy of the prepared proposed findings of fact and conclusion of law as an electronic mail attachment in Word-compatible format to steger_chambers@tned.uscourts.gov.

d. **Courtroom Technology.** At least five (5) days before the final pretrial conference, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (*e.g.*, display equipment; data storage, retrieval, or presentation devices). This disclosure shall identify: (1) equipment they intend to bring into the courtroom to use; and (2) equipment supplied by the Court which the parties intend to use. Further, the parties shall also disclose to one another the content of their electronic or digital materials and shall confirm the compatibility of their planned use of technology with the Court's equipment. General information on equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the presiding judge's courtroom deputy (directory available on website).

e. **Final Pretrial Conference**. A final pretrial conference will be held in this case on **June 25, 2026, at 2:00 p.m. (Eastern Time)**. The parties shall prepare and submit a final pretrial order[2] to the Court on or before the date of the final pretrial conference.

f. **Trial**. The trial of this case will be held before the undersigned United States Magistrate Judge beginning on **July 14, 2026.** The trial is expected to last 3 days. Counsel shall be present at **9:00 a.m.** to take up any preliminary matters which may require the Court's attention. The parties shall be prepared to commence trial at 9:30 a.m. on the date which has been assigned. Should the scheduled trial date change for any reason, the other dates contained in this order shall remain as scheduled. Should the parties desire a change in any of the dates contained in this scheduling order, they should file a motion and seek an order changing such dates.

---

[2] A form Agreed Final Pretrial Order is attached as Exhibit A.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| XXXXXXXX | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 1:XX-cv-XXXX |
| v. | ) | |
| | ) | Judge Christopher H. Steger |
| XXXXXXXX | ) | |
|     *Defendant*. | ) | |

**AGREED FINAL PRETRIAL ORDER**

This Court conducted a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on *[insert date]*. *[Counsel for Plaintiff(s)]* appeared as counsel for the plaintiff(s) and *[Counsel for Defendant(s)]* appeared as counsel for the defendant(s). The following action was taken:

**I.    Jurisdiction**

This is an action for *[breach of contract, personal injury, etc.]*. Jurisdiction of the Court is invoked pursuant to __ U.S.C. § _____. The jurisdiction of the Court is not disputed.

**II.    Pleadings**

The pleadings are amended to conform to this pretrial order.

**III.    General Nature of the Claims of the Parties:**

    a.  **Claims:** The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

        i.    *[Insert list of claims.]*

    b.  **Stipulated Facts:** The following facts are uncontroverted.

  i. *[List uncontroverted facts that have been established by the pleadings, by stipulation, or by admission.]*

 c. **Plaintiff's Theory:** *[Set out a **concise** summary without detail.]*

 d. **Defendant's Theory:** *[Set out a **concise** summary without detail.]*

 e. **All Other Parties' Claims:** *[If third parties are involved, set out a **concise** summary without detail.]*

IV. **Contested Issues of Law**

The contested issues of law are *[set out the contested issues, including any pending motions]*. **OR** There are no special issues of law to be resolved.

 a. *[If applicable, list any motions that remain pending.]*

V. **Exhibits**

The parties have disclosed all exhibits in accordance with Fed. R. Civ. P. 26(a)(3)(C). All exhibits to be introduced have been pre-marked in such a way as to allow the Court to determine which party is offering them.  The parties have prepared a joint list of exhibits.  [(In non-jury matters) A copy of each exhibit has been furnished to the Court at the Final Pretrial Conference.]  The parties have endeavored to stipulate to the admissibility of all exhibits to the extent possible.  The parties cannot stipulate to the admissibility of the following exhibits:  *[List any such exhibits along with a concise statement of the basis for disagreement / objection.]*

VI. **Witnesses**

The parties have disclosed all witnessed in accordance with Fed. R. Civ. P. 26(a)(3)(A). A list comprised of the names of all witnesses, their addresses and telephone numbers is as follows:

  a. **For Plaintiff(s):**

|  | Name | Address |
|---|---|---|
| Telephone No. | | |
| 1. *i.e. John Doe* | *865 2nd Ave., Chattanooga* | *423-123-1234* |

  b. **For Defendant(s):**

|  | Name | Address |
|---|---|---|
| Telephone No. | | |
| 1. *i.e. Jane Doe* | *843 2nd Ave., Chattanooga* | *423-321-4321* |

VII. **Other Matters**

  a. **Trial:** This case is set for trial before the undersigned and a jury [*or without the intervention of a jury*] at 9:00 a.m. on [*date*]. Counsel shall be present on the first day before commencement of trial to take up any preliminary matters. The probable length of trial is ___ days. The parties should be prepared for trial on the scheduled date. If this case is not heard immediately, it will be held in line until the Court's schedule allows the trial to begin.

  > [***NOTE:** As it has been contended that the failure to include a jury demand in the Final Pretrial Order is a **waiver** of the jury demand, you should set forth your jury demand if it is your intention to have a jury trial.*]

  b. **Possibility of Settlement:** [*Describe the possibility of settlement.*]

c. **Miscellaneous Matters:** *[Describe any miscellaneous issues of which the Court should be made aware.]*

\* \* \*

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the parties as of *[date]*. Fed. R. Civ. P. 16; *see U.S. v. Hougham*, 364 U.S. 310, 315 (1960); *see also Ricker v. Am. Zinser Corp.*, 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), aff'd, 633 F.2d 218 (6th Cir. 1980).

**SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/_____
*Counsel for Plaintiff(s)*

/s/_____
*Counsel for Defendant(s)*