**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00029-CHS |
| | ) | |
| AIRGAS, LLC, | ) | |
| *Defendant.* | ) | |

## <u>MEMORANDUM AND ORDER</u>

### I.      Introduction

This matter is before the Court upon Defendant Airgas, LLC's Motion for Partial Summary Judgment [Doc. 29]. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332. Plaintiff has sued Defendant for breach of contract. This case is set for a bench trial before the undersigned. For the reasons stated herein, Plaintiff's motion for partial summary judgment will be **GRANTED IN PART** and **DENIED IN PART**.

### II.      Background

On June 1, 2022, the parties entered into a one-year lease ("Lease") for a commercial property at 700 Manufacturers Road, Chattanooga, Tennessee. [Doc. 30 at 1-2]. The Lease contained various obligations for each party. Relevant to the present motion, Defendant was to reimburse Plaintiff for real estate taxes upon certain conditions. [*Id.* at 3]. Additionally, at Lease termination, Defendant was to return the property to Plaintiff "in as good of a condition as received by [Defendant] on the Commencement Date, except for ordinary wear and tear." [*Id.* at 3-4]. Among other claims in this suit, Plaintiff alleges that Defendant did not timely reimburse it for property taxes and caused damage to the property that is beyond normal wear and tear. [Docs. 1-1 at 2-5; 37 at 5].

### III. Analysis

#### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party may satisfy its burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-35 (1985); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). There are "no express or implied requirements in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim"; it is enough for the movant to "point[ ] out" an absence of evidence on an essential element of the non-movant's claim. *Celotex*, 477 U.S. at 323-25; *see also Harvey v. Campbell Cnty, Tenn.*, 453 F. App'x 557, 560 (6th Cir. May 10, 2011).

Once the moving party has fulfilled its initial burden under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324-25; *see also 60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential

element of its case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy Street*, 822 F.2d at 1435-36.

## B. Discussion

As an initial matter, in its motion Defendant requested summary judgment on Plaintiff's claims regarding: (1) a holdover tenancy;[1] (2) unpaid property taxes;[2] (3) property damage prior to the final one-year lease period; and (4) property damage during the final one-year lease period other than damage admitted by Defendant. [Docs. 30 at 1, 13; 39 at 2-5]. Following the filing of Defendant's summary judgment motion, Plaintiff withdrew its claims regarding a holdover tenancy and claims for any property damage that may have occurred prior to the final one-year lease period. [Doc. 37 at 2]. Therefore, the Court will focus on the second and fourth issues.

### 1. Tax Reimbursement Fees and Interest

Defendant argues it is entitled to summary judgment regarding Plaintiff's claim for property-tax-related fees and interest because Plaintiff did not trigger the obligation for reimbursement under the terms of the contract prior to filing suit. [Doc. 30 at 9-11].

In relevant part, the Lease states:

> **3.3.2** **Tenant's Obligation to Reimburse for Taxes.** During each Operating Year of the Term, Tenant shall reimburse to Landlord as Additional Rent, upon receipt from Landlord of marked "paid" bills for Taxes or other proof of payment, and within fifteen (15) days of receipt of same, the amount of such

---

[1] A holdover tenancy claim refers to a claim for compensation by a landlord against a tenant who continues to inhabit the property after the lease expires.

[2] The Court notes that Defendant has reimbursed Plaintiff for the property taxes but did not do so in a timely manner under the contract. Thus, Plaintiff's claim is actually for contractual fees and interest due to the late reimbursement.

Taxes actually paid in that Operating Year. Tenant's liability for reimbursement shall be prorated if the Term expires or terminates prior to the end of the period for which such Taxes are assessed. In the event that the Premises incur any Taxes during the Term, whether special assessments or otherwise, which are payable in installments, calculation of Tenant's liability for such Taxes shall be limited to those Taxes due and payable during the course of the Term. During the Term, Landlord shall, upon receipt of any tax bills for any Taxes due and payable during the Term, promptly deliver a copy of said bills to Tenant. In the event Tenant elects to challenge any Taxes assessed as provided below, Tenant's liability for reimbursement to Landlord for Taxes shall abate until Taxes are required to be paid by the assessing authority. In the event Tenant does not reimburse Landlord within such fifteen (15) day period set forth herein, Tenant shall pay a late fee of Five Hundred and No/100 Dollars ($500.00) and any outstanding reimbursement shall accrue interest at the highest rate allowed by law.

[Doc. 29-4 at 4].

Defendant is correct that Plaintiff did not trigger its obligation to reimburse for property taxes until after filing the instant suit. Plaintiff provided proof of tax payment to Defendant on January 3, 2024, roughly two weeks after suing Defendant. [Docs. 1-1 at 1; 29-1 at 22-23; 30 at 10]. Therefore, Plaintiff's claim regarding property-tax-related fees and interest was not ripe at the time this action was initiated. However, Courts may consider the current state of facts when analyzing ripeness. *See Barber v. Charter Twp. of Springfield, Michigan*, 31 F.4th 382, 389 n.3 (6th Cir. 2022) ("[C]laims may 'become ripe' as litigation unfolds, and this Court may consider 'intervening change[s] in circumstances.'" (quoting *Casden v. Burns*, 306 F. App'x 966, 971-73 (6th Cir. 2009))). After Plaintiff triggered Defendant's reimbursement obligation, Defendant did not pay Plaintiff for the relevant property taxes until May 12, 2025, well past the 15-day payment period outlined in the Lease. [Docs. 30 at 10; 37 at 3]. Thus, the Court may consider Plaintiff's claim for fees and interest under § 3.3.2 of the Lease to be currently ripe, even though it was not at the time suit was filed.

Therefore, Defendant is not entitled to judgment as a matter of law on this issue.

### 2. Damages

Defendant claims it is entitled to summary judgment regarding certain damages. Defendant states that it "has acknowledged responsibility for damage to drywall related to removal of built-in desks and shelves" but "damages to the property beyond those conceded and acknowledged by [Defendant] in this litigation should be dismissed" because Plaintiff's expert cannot establish causation. [Doc. 30 at 12-13].

The Court already denied without prejudice [Defendant]'s Motion to Exclude Testimony of [Plaintiff]'s Expert Witness Nicholas Cornelison because the context and substance of the testimony is integral to the determination of admissibility. [Doc. 36]. Similarly here, Defendant's desire to preemptively exclude damages based on the inability of Plaintiff's expert to establish causation lacks the proper context and substance needed for the Court to decide the matter. More importantly, even if the testimony of Plaintiff's expert was excluded, Plaintiff may be able to establish causation by some other means. Defendant claims that causation here "require[s] expert proof in all but the most obvious instances of damage where a clear before-and-after photograph can establish the date of the damages." [Doc. 30 at 11]. The Court notes, however, that there are other ways Plaintiff could establish causation. For example, Plaintiff could offer testimony by a witness with personal knowledge, such as a former employee of Defendant. The point is not that Plaintiff will actually be able to establish causation—in the end, it may not—but that Defendant has not sufficiently shown the Court that there is no possible path for Plaintiff to do so.

Thus, Defendant is not entitled to summary judgment on this issue.

**IV.     Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that Defendant Airgas, LLC's Motion for Partial Summary Judgment [Doc. 29] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  Defendant Airgas, LLC's Motion for Partial Summary Judgment [Doc. 29] is **GRANTED** with respect to Plaintiff's claim for compensation or damages relating to a "holdover tenancy," and with respect to Plaintiff's claim for property damage attributed to Defendant prior to the final one-year lease between the parties, which lease period commenced on June 1, 2022.[3]

2.  Defendant Airgas, LLC's Motion for Partial Summary Judgment [Doc. 29] is **DENIED** with respect to Plaintiff's claim for unpaid property taxes, contractual fees, and interest.

3.  Defendant Airgas, LLC's Motion for Partial Summary Judgment [Doc. 29] is **TEMPORARILY DENIED** with respect to Plaintiff's claim for property damage attributed to Defendant during the final one-year lease between the parties, which lease period commenced on June 1, 2022; however, the Court will schedule oral argument on this issue and may solicit additional briefing following such argument.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that Plaintiff conceded Defendant's position as to these issues [Doc. 37].