# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | |
|---|---|
| **BWS PROPERTIES, LLC,** | ) |
| | ) **CASE NO. 1:24-CV-29-KAC-CHS** |
| **Plaintiff,** | ) |
| **v.** | ) **MAGISTRATE JUDGE** |
| | ) **CHRISTOPHER H. STEGER** |
| **AIRGAS USA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT AIRGAS USA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ALTER OR AMEND

Defendant Airgas USA, LLC ("Defendant" or "Airgas"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 59(e), hereby files this Memorandum of Law in support of its Motion to Alter or Amend the Court's Memorandum and Order (Docket Entry No. 55) and Order (Docket Entry No. 60) denying in part the Motion for Partial Summary Judgment filed by Airgas with respect to damages to the property located at 700 Manufacturers Road, Chattanooga, Tennessee (the "Property").

### FACTS AND PROCEDURAL HISTORY

As the Court is aware, this case involves a commercial lease (the "Lease") between Plaintiff BWS Properties, LLC ("BWS") and Defendant Airgas. At the conclusion of all discovery, including expert disclosures and depositions, Airgas moved for partial summary judgment as to BWS' claims for holdover tenancy, unpaid property taxes, and damages to the Property both prior to the Lease period, and during the Lease period. Docket Entry No. 29. Airgas supported its motion with a Memorandum of Law that fleshed out each of the arguments. Docket Entry No. 30. In its Response to the Motion for Partial Summary Judgment, BWS withdrew its claim for holdover tenancy, and conceded that the relevant period was the one-year Lease period from June 1, 2022

to May 31, 2023. Docket Entry No. 37, Section D. Accordingly, the two issues remaining for the

Court to rule on were the unpaid property taxes and damages to the property during the one-year

Lease period of June 1, 2022, to May 31, 2023.

In its Memorandum of Law, Airgas made the following argument with respect to damages

during the one-year Lease period:

> [I]n order to prove damages related to the condition of the Property at the time of
> surrender, BWS must show both that the condition of the Property was worse than
> it was on June 1, 2022, and that the condition was not simply the result of ordinary
> wear and tear. These allegations require expert proof in all but the most obvious
> instances of damage where a clear before-and-after photograph can establish the
> date of the damages. See *J&S Welding, Inc. v. Liberty Mut. Ins. Co.*, 693 F. Supp.
> 3d 823, 835 (6th Cir. 2023). No such evidence has been presented <u>by BWS or its
> expert in this dispute</u>.
>
> The Property was occupied by three different companies—Brooks Welding Supply,
> BOC, and Airgas—over a period of many years, and <u>the testimony in this case has
> revealed that many of the damages complained of occurred many years or even
> decades before the Commencement Date</u>. *See*, *e.g.*, [Docket Entry No. 29-1]
> Harvey Depo. pp. 27:24-28:7 (roll-up doors); 35:22-36:5 (metal siding); 38:10-16
> (windows); 75:6-76:6 (warehouse heater); 78:5-24 (bay door). <u>BWS did not do a
> walkthrough prior to the Commencement Date of the Lease or document the
> condition of the Property as of the Commencement Date.</u> [Docket Entry No. 29-1]
> Nevans Depo. pp. 129:17-130:7. <u>BWS has not produced any photographs or similar
> documentation of the condition of the Property prior to the Commencement Date.</u>
>
> …
>
> Airgas has conceded limited damage to some of the drywall in the office area of
> the main building on the Property that occurred when desks/counters or shelving
> were removed when Airgas vacated the Premises. However, <u>there is no other proof
> that any other damages occurred after the Commencement Date of the Lease</u>.
> Accordingly, all claims for damages beyond the limited repairs to drywall lack any
> factual basis or supporting expert opinions, and fail as a matter of law.

Memorandum of Law in Support of Airgas' Motion for Summary Judgment, Docket Entry No. 30,

pp. 29-30 (emphasis added).

The Court issued a Memorandum and Order on March 31, 2026, granting Airgas' motion

with respect to the holdover tenancy claim and claims for any damages occurring prior to the

relevant one-year Lease period. Docket Entry No. 55. However, the Court denied Airgas' motion

with respect to damages occurring during the one-year Lease period, holding:

> Importantly, even if Mr. Cornelison's testimony were limited or barred as Airgas has requested, this does not mean (and Airgas has not asserted) that BWS's repair damages cannot be proven by other evidence. Airgas does not argue that BWS cannot prove causation and liability, but only that BWS cannot prove these elements through its expert witness. Airgas has also not demonstrated that BWS is required to prove causation or liability for repair damages through the testimony of an expert witness such that said damages would be legally barred if his testimony were to be excluded. Finally, Airgas has not presented any facts, evidence, or arguments purportedly disproving causation or liability for repair damages as required by the Federal Rules to demonstrate that there is no dispute of material fact.

*Id*. at pp. 7-8 (citation omitted). On that same date, the Court's Law Clerk emailed all counsel to

arrange for a hearing:

> Judge Steger entered an order today that, among other things, temporarily denied summary judgment on the issue of property damages. Judge Steger would like to hold a hearing to more fully explore that issue as he feels it is a close call and further information from the parties would illuminate/clarify things. Below are some potential dates. Please discuss these dates with counsel for both parties and select two mutually agreeable dates. Designate afternoon or morning or both. Then let me know what everyone has agreed to.

Exhibit A, Email from Jeremy Claridge to all counsel dated March 31, 2026. The hearing took

place on April 16, 2026, and the Court heard additional argument from BWS and Airgas. At the

conclusion of the hearing, the Court made the following ruling from the bench:

> One thing I believe the Court struggled with as we were deciding this case is that counsel, I'm talking to defense counsel now, in your Motion for Summary Judgment, your initial Motion for Summary Judgment, what you focused on was that they didn't have expert proof to establish causation of damages during the relevant period of time. And they came back essentially and said, yeah, but we can prove damages in another way through lay witnesses. I'm over-simplifying. And then in your rebuttal brief is when you took a stab at staying, well, you don't have any proof. That's a new argument. You didn't make that argument in your initial briefing. You can't do it that way. It doesn't then shift the burden of it. They only have to respond to your motion. And you can't raise a new argument in a rebuttal brief and then impose another duty on them to respond to that new argument. And that did confuse the issue for the Court a little bit as we were trying to deliberate on

3

this thing. But, in any event, that was part of the basis for why we decided this the way we did.

I find that I'm going to let the order stand as it was delivered. And I think that plaintiff, by the narrowest of margins, is keeping alive this claim for damages that occurred during the one-year period.

Exhibit B, Transcript of the Hearing on April 16, 2026. The Court thereafter entered an Order confirming that "the Court concludes that its prior decision to deny Defendant's summary judgment with respect to property damage during the final one-year lease between the parties is proper."

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of the entry of judgment. A motion filed pursuant to Rule 59(e) requires the movant to show: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). Rule 59(e) "does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). A movant may not use a Rule 59(e) motion "to re-hash old arguments or to advance positions that could have been argued earlier, but were not." *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012).

## LAW AND ARGUMENT

When Airgas filed its Motion for Partial Summary Judgment, BWS had not yet conceded that the one-year Lease period from June 1, 2022, until May 31, 2023, was the relevant and only period for which Plaintiff would be entitled to damages. Given Plaintiff's uncertain position,

Airgas necessarily addressed both time periods in its filing. As identified above, Airgas highlighted the lack of proof from BWS as to damages both before and during the one-year Lease period. Memorandum pp. 29-30.

After BWS filed its Response and conceded the issues of holdover tenancy and the relevant Lease period, Airgas briefed the issue of BWS's lack of proof of damages for the one-year period of the Lease in its Reply.

> . . . Airgas would point out that BWS has not even attempted to provide other evidence of the claimed damages to the Property outside of Mr. Cornelison's proposed testimony. If BWS could prove up its claimed repair damages by other evidence, the time to do was at this summary judgment stage. Airgas is not required to disprove BWS' claims, the burden of proof lies with BWS as the claimant to come forward with some admissible evidence to support those claims. *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986). BWS has been afforded sufficient time for discovery under the Court's Scheduling Order, it has completed fact discovery and expert discovery, and yet it still has come forward with no evidence other than that of Mr. Cornelison's testimony. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). This was the "put up or shut up" moment, and BWS has merely argued that it could "put up" some evidence, but has not done so at summary judgment. *Id.*; *see also Whitney v. The City of Milan*, 720 F. Supp. 958, 961 (W.D. Tenn. 2010).

Reply, Docket Entry No. 39 pp. 4-5 (emphasis added).

Airgas' argument in its Reply was noted by the Court at the hearing on April 16, 2026, and it is certainly true that BWS' concessions allowed both Airgas and the Court to focus on the relevant one-year Lease period. However, the arguments made by Airgas in its Reply were not, as the Court commented, new arguments. Rather, the arguments in the Reply echoed the same arguments Airgas had already made in its Memorandum in Support of its Motion for Partial Summary Judgment, which were actually more specific about the lack of proof than the Reply:

> [I]n order to prove damages related to the condition of the Property at the time of surrender, BWS must show both that the condition of the Property was worse than it was on June 1, 2022, and that the condition was not simply the result of ordinary wear and tear. … No such evidence has been presented by BWS *or* its expert in this dispute.

> . . . <u>BWS did not do a walkthrough prior to the Commencement Date of the Lease or document the condition of the Property as of the Commencement Date.</u> Nevans Depo. pp. 129:17-130:7. <u>BWS has not produced any photographs or similar documentation of the condition of the Property prior to the Commencement Date.</u>
>
> …
>
> Airgas has conceded limited damage to some of the drywall in the office area of the main building on the Property that occurred when desks/counters or shelving were removed when Airgas vacated the Premises. However, <u>there is no other proof that any other damages occurred after the Commencement Date of the Lease</u>.

Memorandum of Law in Support of Airgas' Motion for Summary Judgment, Docket Entry No. 30, pp. 29-30 (emphasis added). Airgas acknowledges that the section heading referenced expert proof, but the substance of the argument did not turn on that label. Airgas asserted in both its Memorandum of Law and in its Reply that BWS's repair damages cannot be proven any evidence in the record. As the argument itself makes clear, Airgas' position is that Plaintiff has no competent proof—expert or otherwise—to support its claimed damages during the relevant one-year Lease period.

Despite clear and unequivocal arguments in the original memorandum of law, Plaintiff did not proffer any evidence showing that Airgas damaged the Property during the relevant one-year Lease period of June 1, 2022 to May 31, 2023, and the only evidence before the Court was the limited drywall concession made by Airgas from the beginning. Plaintiff did not submit a single affidavit, declaration, photograph, or deposition excerpt to prove any alleged damages occurring during the Lease period. Plaintiff did introduce such forms of evidence to address the issue of unpaid taxes, but provided nothing for the Court to rely on with respect to damages in the Lease period.

Accordingly, pursuant to Fed. R. Civ. P. 59(e), Airgas respectfully requests that the Court alter or amend its Memorandum and Order dated March 31, 2026 (Docket Entry No. 55), and its

Order dated April 20, 2026 (Docket Entry No. 60), and grant Airgas' Motion with respect to Plaintiff's claims for damages to the subject Property beyond those limited drywall damages conceded by Airgas. Airgas would submit that the amount of the drywall damages can be determined at the trial of this matter.

Respectfully submitted,

By: */s/ Peter C. Robison*
Mary Beth White, BPR #24462
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
(615) 259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on April 28, 2026, a true and correct copy of the foregoing DEFENDANT AIRGAS USA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ALTER OR AMEND has been served on the following counsel of record through the Court's electronic filing system:

Lynzi J. Archibald, Esq.
Jessica M. Wolinsky, Esq.
Miller & Martin PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN  37402
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

*/s/ Peter C. Robison*
Peter C. Robison

7