BWS PROPERTIES, LLC, )
)
    *Plaintiff,* )          No. 1:24-cv-00029
)
v. )      Judge Christopher H. Steger
)
AIRGAS USA, LLC, )          Non-Jury
)
    *Defendant.* )

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO ALTER OR AMEND**

---

Plaintiff BWS Properties, LLC ("BWS"), by and through its undersigned counsel, respectfully submits this response in opposition to Defendant's Motion to Alter or Amend (Docs. 61 and 62) ("Defendant's Motion") the Court's Memorandum and Order denying in part Defendant's Motion for Partial Summary Judgment with respect to damages. (Docs. 55 and 60).

I.    **BACKGROUND**

On July 22, 2025, Defendant filed a Partial Motion for Summary Judgment. BWS submitted its response on August 12, 2025, and Defendant submitted its reply on August 19, 2025. On March 31, 2026, the Court granted in part and denied in part Defendant's Motion, but only temporarily denied the Motion with respect to BWS's claim for property damage during the final one-year lease period. The Court found that further oral argument was necessary to fully address this issue, and on April 16, 2026, the parties appeared before the Court for the same.

Both parties presented arguments and responded to inquiries from the Court. At the conclusion of the hearing, and thereafter memorialized in the Court's April 20, 2026 Order, the Court concluded its prior decision to deny Defendant's Motion with respect to BWS's property

damages would stand. On April 28, 2026, Defendant filed the present motion seeking to alter or amend the Court's April 20, 2026 Order.

## II.     LAW & ARGUMENT

### A.     Standard of Review

Federal Rule of Civil Procedure 59(e) permits a party to submit a motion to alter or amend a judgment within 28 days after its entry. However, such a motion "does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). To grant a Rule 59(e) motion, there must be (i) a clear error of law; (ii) newly discovered evidence; (iii) an intervening change in controlling law; or (iv) a need to prevent manifest injustice. *See Whiting v. City of Athens*, No. 3:23-cv-2, 2024 WL 3870260, at \*1 (E.D. Tenn. Aug. 19, 2024).

### B.     Plaintiff Failed to Identify Sufficient Bases to Support its Request to Alter or Amend.

In its Motion, Defendant failed to identify any justification for its contention that the Court should alter or amend its April 20, 2026 Order. *See Newsome v. N.W. Airlines Corp.*, No. 02-2203 B, 2005 WL 1017991, at \*1 (W.D. Tenn. Apr. 28, 2005) ("Regretfully, as the Plaintiffs have not argued that there exists an 'intervening change in controlling law,' 'new evidence not available at trial,' 'a clear error of law,' or a 'manifest injustice,' the **Court has no basis upon which relief under Rule 59(e) may be granted**.") (emphasis added)). Defendant argues that the Court's decision was incorrect, but mere disagreement with the Court's decision is insufficient. *See Himes v. Provident Life and Accident Ins. Co.*, No. 3:19-cv-00215, 2021 WL 1611922, at \*6 (M.D. Tenn. Apr. 26, 2021) ("Rule 59(e), however, 'is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.'") (citations omitted). Rather,

Defendant must have discovered new evidence, become aware of an intervening change in controlling law, identified a legal error made by the Court, or find that manifest injustice will result. *See Whiting*, 2024 WL 3870260, at *1 (denying relief under Rule 59(e) when plaintiff sought "to relitigate issues the Court discussed in its memorandum opinion and other orders"). Defendant has not pointed to any one of these justifications. Therefore, for this reason alone, Defendant's Motion must be denied.

To the extent Defendant expects BWS and the Court to infer that its Motion is based on a purported "need to prevent manifest injustice," imposition of such an expectation is improper. And, even if Defendant properly identified manifest injustice as the basis for its Motion (it did not), injustice will not result from the Court's decision. There is no general definition for manifest injustice, but

> [w]hat is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

*McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)). Defendant did not and cannot identify any "fundamental flaw" in the Court's decision. Instead, Defendant merely disagrees with the Court's interpretation of the arguments Defendant asserted (or did not assert) in its initial summary judgment briefing. This did not lead to an inequitable result or a decision contrary to applicable policy as Defendant, like BWS, will have the opportunity to present its arguments regarding damages at trial.

### C.     The Court's Decision to Deny Defendant's Motion was Proper.

To the extent Defendant established sufficient basis for its Motion (it has not), the Court's decision regarding damages was nonetheless correct and should not be altered or amended.

Defendant simply did not assert that BWS must "put up or shut up" in its initial briefing as it now claims.[1] A few inapposite quotes cherry picked from Defendant's 14-page initial brief do not alter this conclusion as, importantly, the Court is not required to decipher arguments that are vague or unclear or to manufacture arguments for Defendant. *See Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) ("[I]t is not in the Court's purview to manufacture a party's theory of the case.") (citing *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) ("[I]t is a party's burden to tell [the Court] and make the argument because 'judges are not like pigs, hunting for truffles' that might be buried in the record.")); *Udoku v. Cozzens*, 975 F. Supp. 2d 750, 775-76 (E.D. Mich. 2013) ("It is not sufficient for a party to mention a possible argument 'in a most skeletal way, leaving the court to . . . put flesh on its bones.' Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments.") (internal citations omitted).

While Defendant's Motion references a few general statements made in its initial brief in an attempt to demonstrate that it properly asserted a "put up or shut up" argument, these statements were made in an unrelated section of Defendant's brief.[2] This section pertained to Defendant's argument regarding the time period in which damages must have occurred under the controlling Lease (*i.e.*, whether, under the terms of the Lease, BWS can recover for property damage which

---

[1] Importantly, in Defendant's Motion for Partial Summary Judgment (Doc. 29), Defendant identified the four claims for which it sought summary judgment: (i) holdover tenancy; (ii) unpaid taxes; (iii) damages to property during final lease period; and (iv) damages not proven by expert proof. The reason for summary judgment Defendant now asserts was not included.

[2] Notably, in one such comment referenced by Defendant, Defendant states that "no such evidence has been presented by BWS or its expert in this dispute." *See* Def. Memo., Ct. Doc. 30, p. 11. However, the phrase "such evidence" can logically only be read to refer to the evidence referenced in the previous sentence: "expert proof" or, perhaps, "a clear before-and-after photograph." Thus, this statement does not assert that BWS cannot present *any* proof of damages, but merely that BWS cannot present the types of evidence that Defendant (incorrectly) argued were legally required, *i.e.,* expert proof or a clear before-and-after photograph.

occurred *prior* to the final one-year lease period).[3] Importantly, in the subsequent section of its initial brief that did pertain to the sufficiency of BWS's proof of damages,[4] Defendant argued only that BWS could not prove its damages **because expert proof is required**.[5] As such, BWS addressed Defendant's wholly legal argument—that damages may only be proven by expert testimony—in its Response.[6]

The Court recognized that Defendant failed to argue that BWS lacks **any** evidence to support its damages and, instead, asserted that BWS is legally required to have (and does not have) **expert** proof in order to prove damages. BWS responded to the arguments that were actually asserted by Defendant, and the Court then ruled accordingly.

III.     **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Alter or Amend should be denied. Defendant has not stated sufficient legal justification to alter or amend the Court's Order and, even if it had, the Court's decision was correct.

---

[3] *See* Def. Memo., Ct. Doc. 30, pp. 11-12 (Section 3, "Airgas is not responsible for damages to the Property prior to the final lease period.").

[4] *See* Def. Memo., Ct. Doc. 30, pp. 12-13 (Section 4, "BWS cannot recover damages not proven by expert proof.").

[5] Tellingly, in Defendant's initial briefing, when discussing the applicable summary judgment standard to be applied by the Court, Defendant included no discussion or mention of the standard to be applied if a movant asserts that the non-movant can present no evidence in support of a claim or element thereof. *See id.* at pp. 5-6 ("Summary Judgment Standard"). This is because Defendant made no such argument in its initial briefing (nevertheless a "clear and unequivocal" one, *see* Def. Mot., Ct. Doc. 62, p. 6). Instead, Defendant's discussion of the applicable summary judgment standard stated the standard to be applied by the Court when interpreting contractual terms (which makes sense, as Defendant did in fact assert contractual arguments). *See* Def. Memo., Ct. Doc. 30, pp. 5-6.

[6] *See* Pl. Resp., Ct. Doc. 37.

Respectfully submitted on this 14th day of May 2026.

**MILLER & MARTIN PLLC**

By: /s/ *Jessica M. Wolinsky*
Lynzi J. Archibald, TN BPR No. 30063
Jessica M. Wolinsky, TN BPR No. 039785
832 Georgia Ave., Suite 1200
Chattanooga, TN 37402
Phone: (423) 756-6600
Fax: (423) 785-8480
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

***Counsel for Plaintiff BWS Properties, LLC***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certify that an exact copy of this pleading has been served upon counsel for all parties in this action, or upon said parties themselves as required by law, by delivering a copy thereof, via email and/or by depositing a copy of the same in the United States Mail, with sufficient postage affixed thereto, to ensure delivery to the following:

Mary Beth Haltom White, Esq.
Peter C. Robison, Esq.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219

This 14th day of May 2026.

**MILLER & MARTIN PLLC**

By: /s/     *Jessica M. Wolinsky*