## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 1:24-cv-00029 |
| | ) | |
| v. | ) | Judge Christopher H. Steger |
| | ) | |
| AIRGAS USA, LLC, | ) | Non-Jury |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO DEFENDANT'S FINAL PRETRIAL DISCLOSURES

Plaintiff BWS Properties, LLC ("BWS"), pursuant to the Scheduling Order (Doc. 22) and Federal Rule of Civil Procedure 26(a)(3)(A)(ii) and (iii), submits the following objections to Defendant Airgas USA, LLC's ("Airgas") Final Exhibit List and Deposition Designations (Doc. 43). BWS reserves relevance objections to testimony and/or exhibits not identified below for resolution by motion in limine and/or at trial.

The following is a Key to the abbreviations utilized by BWS when objecting to Airgas's disclosures herein:

| Code | Corresponding Objection |
|---|---|
| 402 | Relevance (Fed. R. Evid. 402) |
| 403 | Misleading; Undue Prejudice; Confusion of Issues (Fed. R. Evid. 403) |
| 408 | Settlement negotiations between counsel (Fed. R. Evid. 408) |
| 602 | Lack of Personal Knowledge; Lack of Foundation (Fed. R. Evid. 602) |
| 802 | Hearsay (Fed. R. Evid. 802) |

## I.  BWS's Objections to Airgas's Deposition Designations

BWS objects to the designation of deposition testimony for Jennifer Nevans and Nic Cornelison in their entirety. Airgas has failed to provide any information as to why their testimony should be presented via deposition instead of live testimony at trial. Under Federal Rule of Civil Procedure 32(a)(4), a party may use the deposition of a witness at trial if the court finds that the witness is unavailable pursuant to the rule. *See* Fed. R. Civ. P. 32(a)(4)(A)-(E); *see also Kay v. United of Omaha Life Ins. Co.*, 562 F. App'x 380, 386 (6th Cir. 2014) (finding the district court abused its discretion when it allowed counsel to read to the jury selected excerpts of a deposition transcript when the deponent witness was available to testify).

Airgas has not identified these witnesses as being unavailable within the meaning of the rule and, unless such individuals are unavailable, Airgas cannot use or rely upon the deposition testimony as substantive evidence at trial. *See Hoskins Oil Co. v. Equilon Enterprises, LLC*, No.3:16-CV-417-JRG-DCP, 2019 WL 1532864, at *1 (E.D. Tenn. Apr. 9, 2019) (finding that a party's "conclusionary statement" that a witness might not be available to testify at trial based on a health condition did "not establish that [the witness was] unavailable under Rule 32(a)(4)," and therefore granting the other party's objection to the presentation of the deposition testimony).

## II.  BWS's Objections to Airgas's Exhibit Designations

| AIRGAS'S EXHIBITS | | |
|---|---|---|
| **Ex.** | **Description** | **Objections** |
| 12 | Emails between P. Van Slyke, D. Van Dyke, and K. Cruz | 403; 602; 802 |
| 13 | November 13, 2023 Letter | 402; 403; 408; 802 |

BWS reserves the right to raise objections to exhibits presented by Airgas based upon the way in which Airgas presents the same at trial, including but not limited to objections for lack of foundation, lack of personal knowledge, confusion, waste of time, or incompleteness. Furthermore,

2

BWS's decision not to object to an exhibit on certain grounds does not constitute a waiver of the objection or its ability to assert the same objection to another exhibit.

## III.  BWS's Objections to Airgas's Final Witness List

BWS objects to Airgas's Final Witness List (Doc. 24, adopted by reference in Doc. 67) to the extent it fails to comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i). The rule expressly requires the separate identification of witnesses that a party expects to call and those it may call. Airgas's witness list lacks said identification.

Respectfully submitted on this 27th day of May 2026.

**MILLER & MARTIN PLLC**

By: /s/ *Jessica M. Wolinsky*
Lynzi J. Archibald, TN BPR No. 30063
Jessica M. Wolinsky, TN BPR No. 039785
832 Georgia Ave., Suite 1200
Chattanooga, TN 37402
Phone: (423) 756-6600
Fax: (423) 785-8480
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

***Counsel for Plaintiff BWS Properties, LLC***

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that an exact copy of this pleading has been served upon counsel for all parties in this action, or upon said parties themselves as required by law, by delivering a copy thereof, via email and/or by depositing a copy of the same in the United States Mail, with sufficient postage affixed thereto, to ensure delivery to the following:

> Mary Beth Haltom White, Esq.
> Peter C. Robison, Esq.
> 1201 Demonbreun Street, Ste. 100
> Nashville, TN 37203

This 27th day of May 2026.

**MILLER & MARTIN PLLC**

By: /s/          *Jessica M. Wolinsky*

4