# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| **BWS PROPERTIES, LLC,** | ) | |
| | ) | **CASE NO. 1:24-CV-29-KAC-CHS** |
| **Plaintiff,** | ) | |
| **v.** | ) | **MAGISTRATE JUDGE** |
| | ) | **CHRISTOPHER H. STEGER** |
| **AIRGAS USA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT AIRGAS USA, LLC'S OBJECTIONS TO PLAINTIFF BWS PROPERTIES, LLC'S EXHIBIT LIST AND WITNESS LIST

Defendant Airgas USA, LLC ("Defendant" or "Airgas"), by and through counsel, pursuant to Joint Stipulation for Extension of Time (Docket Entry No. 69), and pursuant to Federal Rules of Civil Procedure 26(a)(3)(A)(ii) and (iii) and 37(c)(1), submits the following objections to the Amended Final Witness List (Docket Entry No. 66) and Final Exhibit List (Docket Entry No. 65) and/or Corrected Exhibit List (Docket Entry No. 68)[1] filed by plaintiff BWS Properties, LLC ("Plaintiff" or "BWS"). Airgas reserves other evidentiary based objections to testimony and/or exhibits not identified below for resolution by motion in limine, other pretrial motions, and /or at trial.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. Pro. 37(c)(1). The Sixth Circuit

---

[1] BWS filed a "Corrected Final Exhibit List" on May 21, 2026, Docket Entry No. 68, which was after the deadline, but only appears to add three exhibits related to BWS' expert witness, Nic Cornelison. Those exhibits (Nos. 39-41) include Plaintiff's Expert Disclosures, Mr. Cornelison's expert report dated May 9, 2025, and Mr. Cornelison's *curriculum vitae*. Airgas does not dispute that BWS produced these records during discovery, and under the circumstances, Airgas does not object to the addition of those records to BWS' Exhibit List.

has held that Rule 37(c)(1) requires absolute compliance with Rule 26(a) and mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified. *Roberts v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003). Critically, the burden is on the potentially sanctioned party to prove that the conduct is harmless. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262 (6th Cir. 2010), *Roberts v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003).

**Witnesses**

- **Henry Glascock [Part B, number 8]**. While the Glascock appraisal letter (BWS-000626-627) was apparently signed on April 27, 2021, BWS did not produce it until July 1, 2025, the final day of discovery under the Scheduling Order (Docket Entry No. 22), and BWS has never disclosed the photographs referenced in that letter. Henry Glascock was never identified by name prior to the close of discovery, and was not identified as a person with knowledge until BWS made late supplementation of its Rule 26 Initial Disclosures on September 23, 2025, after dispositive motions and *Daubert* motions had already been filed. As such, under Rule 37(c)(1), Plaintiff should not be permitted to call Mr. Glascock as a witness at trial or to elicit any testimony from him at trial.

- **Applied Thermal Coatings, Inc. [Part B, number 14]**. Plaintiff has failed to identify any individual associated with this entity, but this entity was never identified prior to July 1, 2025, the close of discovery under the original Scheduling Order (Docket Entry No. 22). This entity has never been properly identified. As such, under Rule 37(c)(1), Plaintiff should not be permitted to call a representative of Applied Thermal Coatings, Inc. as a witness at trial or to elicit any testimony from this entity at trial.

**Documents**

The Glascock appraisal letter (BWS-000626-627) had presumably been in BWS' possession since April 27, 2021, but BWS waited until July 1, 2025, the final day of discovery under the Scheduling Order (Docket Entry No. 22), to produce it. A production on the final day of discovery prevented Airgas from investigating the creation of the letter or defending itself from the contents of that letter.

On September 23, 2025, after the close of discovery, including expert disclosures by Plaintiff and Defendant, and after Defendant filed its partial motion for summary judgment and supporting memorandum (Docket Entry Nos. 29 and 30) and motion to exclude Plaintiff's expert witness and supporting memorandum (Docket Entry Nos. 27 and 28), Plaintiff supplemented its written discovery responses. This supplemental production included the production of documents bates stamped BWS-000628 through BWS-000655. The leases written on August 4, 2023 (BWS-000628-629), and December 4, 2024 (BWS-000630-635), were in Plaintiff's possession, custody, or control, and Plaintiff failed to identify, provide, or produce them in a timely manner.

Based on the above, the following exhibits should be excluded under Federal Rule of Civil Procedure 37(c):

- April 27, 2021 Henry B. Glascock Company Appraisal Letter (BWS-000626-27) [Part B, number 19].
- August 4, 2023 Lease between BWS and Commonwealth Construction LLC (BWS-000628-29) [Part A, number 30].
- December 4, 2024 Industrial Building Lease Agreement between BWS and HôLTeK, Incorporated (BWS-000630-35) [Part A, number 31].
- August 11, 2025 Industrial Building Lease between BWS and Applied Thermal Coatings, Inc. (BWS-000636-55) [Part A, number 32].

Respectfully submitted,

By:/s/ Peter C. Robison
Mary Beth White, BPR #24462
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
(615) 259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on May 27, 2026, a true and correct copy of the foregoing DEFENDANT AIRGAS USA, LLC'S OBJECTIONS TO BWS' EXHIBIT LIST AND WITNESS LIST has been served on the following counsel of record through the Court's electronic filing system:

Lynzi J. Archibald, Esq.
Jessica M. Wolinsky, Esq.
Miller & Martin PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN  37402
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

/s/ Peter C. Robison
Peter C. Robison

4