# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| **BWS PROPERTIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.  1:24-CV-29-KAC-CHS** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **AIRGAS USA, LLC,** | ) | **CHRISTOPHER H. STEGER** |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT AIRGAS USA, LLC'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY

Defendant Airgas USA, LLC ("Defendant" or "Airgas"), by and through counsel, move *in limine* and pursuant to Fed. R. Civ. P. 37(c)(1) for this Honorable Court to exclude expert testimony by Plaintiff BWS Properties, Inc. ("Plaintiff" or "BWS") from witnesses not disclosed as required by Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order (Docket Entry No. 22).

Based on the statements of counsel for BWS during the hearing on April 16, 2026, and BWS's Amended Final Witness List (Docket Entry No. 66), Airgas anticipates that BWS will attempt to introduce expert opinions and testimony from witnesses that were not disclosed in BWS's Rule 26(a)(2) expert disclosures (Docket Entry No. 35-1). BWS lists Baker Townsend of SVN Second Story Real Estate Management as the second witness that BWS expects to call at trial. *See* Plaintiff's Amended Final Witness List, Docket Entry No. 66, p. 1. BWS also lists Henry Glascock of Henry Glascock Company as a person whom BWS may call as a witness in this matter, and identifies a 2021 appraisal letter from him in its Exhibit List.[1] *Id*. at p. 3; Plaintiff's Corrected Final Exhibit List and Deposition Designations, Plaintiff's Exhibit 60. Based on the statements of counsel at the April 16 hearing, Airgas understands that BWS has pivoted from a theory based on

---

[1] The 2021 Appraisal Letter from Mr. Glascock was not timely disclosed in discovery and is the subject of Airgas' objection to BWS's Exhibit List and a separate motion *in limine*.

1

alleged damage to property to one based on an alleged diminution of rental value. In light of that change of tactics, Airgas anticipates that BWS will attempt to elicit testimony from Baker Townsend, Henry Glascock, or Jennifer Nevans herself regarding the rental value of the property located at 700 Manufacturers Road (the "Property") at various points in time and in relation to other properties in the area on the market. Airgas also anticipates that BWS may attempt to elicit expert testimony on construction-related matters from Jason Hickey, based on his recent addition to Plaintiff's witness list. Any such expert testimony from those individuals should not be permitted because none of those individuals were disclosed as experts under the applicable rule, and none provided the written reports or disclosures required to summarize the subject matter, facts, and opinions they would offer at trial. *Clayton v. Young*, No. 3:22-cv-00936, 2026 U.S. Dist. LEXIS 41040, at *3-4 (M.D. Tenn. Feb. 26, 2026); Fed. R. Civ. P. 26(a)(2)(B).

LEGAL STANDARD

Federal Rule of Evidence 701 governs the categories of testimony that a lay witness may address in his or her lay testimony:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702

Fed. R. Evid. 701. "…[L]ay testimony results from a process of reasoning familiar in everyday life, whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (quoting *State*

*v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)) (internal quotation marks omitted). The Sixth Circuit holds that lay witness testimony is adequate to testify about facts that are known from experience gained during day-to-day affairs. *United States v. Kerley*, 784 F.3d 327, 337 (6th Cir. 2015). In *Kerley*, the court drew a line between expert and lay witness testimony. While lay witnesses usually may not testify about topics that require specialized knowledge, they may testify if their testimony is limited to their particularized knowledge that they obtained during employment. *Id*. at 340. In other words, the lay witness may testify to complicated issues that would otherwise require an expert if they have personal experience and limit their testimony to knowledge derived from that experience. *Id*. However, they may be disqualified from expanding their testimony to statements about general practices and industry standards. *Id*. They are limited to their personal knowledge gained through their experience working with a specific entity or in a certain circumstance. *Id*.

Courts in the Sixth Circuit are instructed to be wary of instances where an expert may be admitted in "lay witness clothing." *White*, 492 F.3d at 400-01. This is especially critical to avoid parties from evading the expert disclosure requirements. *Id*. If a lay witness begins to testify as an expert at trial, the best practice is for opposing counsel to object and for the judge to remove the jury so the witness may be posed voir dire questions to determine whether the witness is qualified to testify as an expert. *United States v. Johnson*, 488 F.3d 690, 697-98 (6th Cir. 2007).

> **1. Baker Townsend, Henry Glascock, Jennfier Nevans, and Jason Hickey were not disclosed as expert witnesses under either Fed. R. Civ. P. 26(a)(2)(B) or 26(a)(2)(C).**

BWS' expert disclosure, attached as <u>Exhibit A</u>, named only one person who would offer expert testimony in this action: Mr. Nic Cornelison of P&C Construction.[2] No other person—

---

[2] Mr. Cornelison and his testimony were the subject of a prior Motion under Fed. R. Evid. 702.

including Mr. Townsend, Mr. Glascock, Ms. Nevans, and Mr. Hickey—was included in BWS' expert disclosure. Similarly, BWS produced no report from anyone other than Mr. Cornelison under Fed. R. Civ. P. 26(a)(2)(B).

A failure to submit an expert report within the scheduling deadline set by the court may result in an expert witness being disqualified. Fed. R. Civ. P. 26(a)(2)(B); *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless….

Fed. R. Civ. P. 37(c)(1). "The exclusion of such evidence is 'automatic and mandatory' unless the offending party can show that its nondisclosure was substantially "justified or harmless." *RJ Control Consultants, Inc.*, 100 F.4th at 668 (citing *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn. P.C.*, 388 F.3d 976, 983 (6th Cir. 2004) and *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). To determine whether the failure to provide information or identify a witness is "substantially justified" or "harmless" the court weighs five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

In the case at bar, BWS announced its pivot to a theory of diminution of rental value long after the close of proof. Prior to the expert disclosure deadline, BWS gave no notice to Airgas of its intention to use expert testimony to establish that new theory of damages. Consequently, Airgas had no opportunity to rebut or challenge that undisclosed testimony or disclose an expert of its own that could address those issues which now appear to be the heart of BWS' claims. Similarly,

4

to the extent that BWS may seek to introduce expert testimony regarding causation of damages or other technical information from Jason Hickey that was not disclosed pursuant to Rule 26(a)(2), Airgas had not notice of that testimony or opportunity to counter it or respond with its own expert.

Moreover, simply naming the expert is not enough. An expert report is necessary to allow opposing counsel the opportunity to prepare for the expert's testimony; if one is not provided and has been ordered by the court, the expert's testimony may not be used to "supply evidence on a motion, at a hearing, or at trial" if the party has not abided by the Rule 26(a) requirements. Fed. R. Civ. P. 37(c)(1); *Multiject*, 100 F.4th at 668.

> Any witness retained or specially employed to provide testimony must also submit a written report that includes a complete statement of all opinions the witness expects to offer, as well as the basis and reasons for them, all facts or data considered by the witness in forming her opinions, supporting exhibits, the witness's qualifications, a list of other cases in which the witness has testified as an expert, and a statement of the witness's compensation by the party that engaged her.

*Clayton*, 2026 U.S. Dist. LEXIS 41040, at *3-4; Fed. R. Civ. P. 26(a)(2)(B). It is undisputed that BWS failed to provide such reports summarizing the nature and basis for any opinions offered for anyone other than Nic Cornelison, and any expert testimony from other persons (including Mr. Townsend, Mr. Glascock, Ms. Nevans, or Mr. Hickey) therefore should be excluded. *See*, *e.g.*, *JGR, Inc. v. Thomasville Furniture Indus.*, 370 F.3d 519 (6th Cir. 2004) (reversing trial court that improperly allowed testimony from the company's CPA/lawyer about lost profits).

Further, Airgas anticipates that BWS may attempt to use the lay testimony of Jennifer Nevans as a "back door" method of introducing expert opinion testimony about the alleged rental value of the Property. As the managing owner of BWS, Ms. Nevans may have information sufficient to opine as to the value of the company or of the Property that is its sole asset. BWS may argue that Ms. Nevans came to this knowledge through her management of BWS, and that she

belongs to the class of expert witnesses that need not produce a report under Rule 26(a)(20(B). However, if that was the case, BWS was still required to have disclosed Ms. Nevans under Fed. R. Civ. P. 26(a)(2)(C), along with the subject matter on which she was expected to present evidence under Fed. R. Evid. 702, 703, or 705, and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "Under Rule 26(a), a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (internal quotation marks omitted) (collecting cases).

CONCLUSION

In the case at bar, Plaintiffs did not even name Mr. Townsend, Mr. Glascock, Ms. Nevans, or Mr. Hickey in their Rule 26(a)(2) expert disclosures, much less provide reports or statements summarizing the substance and basis of the opinions those witnesses would offer at the trial of this matter. BWS has never supplemented its expert disclosures. As a result, Airgas had no notice of any such opinions and was denied the opportunity to retain an expert to address or refute those opinions. Indeed, because the focus of BWS' claims was on alleged damages to the Property, Airgas had no reason to suspect that BWS may later attempt to introduce expert opinion regarding the rental value of the Property or subsequent leases BWS entered into with subsequent tenants.

Airgas expects that Ms. Nevans will have personal knowledge to offer lay testimony as to many topics at issue in this case, and does not seek to exclude her testimony in its entirety. However, to the extent that BWS may seek to elicit testimony from Ms. Nevans requiring technical or specialized knowledge, such as knowledge of the commercial/industrial rental market,

6

comparable properties in the Chattanooga area, commercial purposes for which the Property may be suited, such undisclosed expert testimony should be excluded. Similarly, if Mr. Townsend,  Mr. Glascock, and Mr. Hickey have some lay testimony about the issues in this case, they may be able to testify as lay witnesses, but they should not be permitted to testify as to any topics such as the rental value of the Property or causation of particular damages to the Property that require specialized or technical knowledge.

Respectfully submitted,

By:*/s/ Peter C. Robison*
   Mary Beth White, BPR #24462
   Peter C. Robison, BPR #27498
   LEWIS THOMASON, P.C.
   1201 Demonbreun St., Suite 1000
   Nashville, TN 37203
   (615) 259-1366
   mbwhite@lewisthomason.com
   probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on June 19, 2026, a true and correct copy of the foregoing has been served on the following counsel of record through the Court's electronic filing system:

Lynzi J. Archibald, Esq.
Jessica M. Wolinsky, Esq.
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com


*/s/ Peter C. Robison*
Peter C. Robison