# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:24-CV-29-KAC-CHS** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| AIRGAS USA, LLC, | ) | **CHRISTOPHER H. STEGER** |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT AIRGAS USA, LLC'S PROPOSED CONCLUSIONS OF LAW

Defendant Airgas USA, LLC ("Airgas" or "Defendant"), by and through counsel, and pursuant to Local Rule 52.1 and the Amended Scheduling Order (Docket Entry No. 53), hereby submits its proposed conclusions of law in advance of the trial of this matter.

Plaintiff BWS Properties, LLC ("BWS" or "Plaintiff") has asserted a single claim of breach of contract in this matter. As the claimant, BWS bears the burden of proof to establish the elements of its claim for breach of contract, including the damages caused by the alleged breach required in the third element.

### Breach of Contract

"Generally, the measure of damages will be the cost [of] repair unless the repairs are not feasible or the cost is disproportionate to the [diminution] in value." *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 543 (quoting *Radant v. Earwood*, 1999 Tenn. App. LEXIS 390, 1999 WL 418339, at *8 (Tenn. Ct. App. June 22, 1999)).

Under Tennessee law, to establish a claim for breach of contract, a claimant must prove: "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breached contract." *Wright v. Wacker-Chemie AG*, 2014 U.S. Dist. LEXIS 105337 (E.D. Tenn. Aug. 1, 2014) (citing *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816-17 (Tenn. Ct. App. 2011)).

Airgas asserted multiple affirmative defenses in its Answer, including unclean hands, waiver, estoppel, failure to mitigate damages, and failure to provide opportunity to cure. As the defendant, Airgas bears the burden of proof to establish the elements of its affirmative defenses.

### Unclean Hands

[A] complainant, who has been guilty of unconscientious conduct or bad faith, or has committed any wrong, in reference to a particular transaction, cannot have the aid of a Court of Equity in enforcing any alleged rights growing out of such transaction.") *SKS Commc'ns, Inc. v. Globe Commc'ns, Inc.*, No. 03A01-9405-CH-00176, 1994 Tenn. App. LEXIS 596, 1994 WL 589576, at *5 (Tenn. Ct. App. Oct. 21, 1994).

*Lascassas Land Co., LLC v. Allen*, 2020 Tenn. App. LEXIS 189 (Tenn. Ct. App. Apr. 27, 2020).

### Waiver and Estoppel

In general, the doctrine of **waiver** is "an excuse for nonperformance of contractual duties or conditions . . . based in large part on the policies against forfeiture and unjust enrichment." 13 RICHARD A. LORD, WILLISTON ON CONTRACTS § 39:15 (4th ed. 2009) (footnotes omitted). It is "designed to prevent the waiving party from lulling another into a belief that strict compliance with a contractual duty will not be required, and then either suing for noncompliance or demanding compliance for the purpose of avoiding the transaction." *Id*. For this reason, the doctrine of **waiver** "applies primarily to conditions which may be thought of as procedural or technical, or to instances in which the non-occurrence of a condition is comparatively minor." RESTATEMENT (SECOND) OF CONTRACTS § 84 cmt. d (1981) (citing as examples conditions that relate merely to the time or manner of the return performance or provide for the giving of notice).

*Guesthouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 201 (Tenn. Ct. App. 2010)

### Failure to Mitigate Damages

[O]ne who is injured by the wrongful or negligent act of another, whether by tort or breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize or lessen the resulting damage, and to the extent that damages are the result of his active and unreasonable enhancement thereof, or due to his failure to exercise such care and [*19] diligence, he cannot recover. *Cook & Nichols, Inc. v. Peat, Marwick, Mitchell & Co.*, 480 S.W.2d 542, 545 (Tenn. Ct. App. 1971). Thus, a party injured by the wrongful act of another is under a legal duty to use reasonable efforts to minimize the loss and, to the extent that the injured party fails to do so, he or she cannot recover. *Id.*; *see also Kline v. Benefiel*, No. W1999-00918-COA-R3-CV, 2001 Tenn. App. LEXIS 14, 2001 WL 25750, at *7 (Tenn. Ct. App. Jan. 9, 2001). The injured party is not, however, required to mitigate damages where the duty would impose an undue burden or be impossible under the circumstances. *See Kline*, 2001 Tenn. App. LEXIS 14, 2001 WL 25750, at *7 (citing *Cummins v. Brodie*, 667 S.W.2d 759, 766 (Tenn. Ct. App. 1983)).

*Tenn. Bank & Trust v. Boruff*, 2022 Tenn. App. LEXIS 101 at *18-19 (Tenn. Ct. App. Mar. 15, 2022).

**Failure to Provide Opportunity to Cure**

As a general rule, a party alleging defects in the performance of a contract is required to give notice and a reasonable opportunity to cure the defects. *Carter v. Krueguer*, 916 S.W.2d 932, 935 (Tenn. Ct. App. 1995). This is to "allow the defaulting party the opportunity 'to repair the defective work, to reduce the damages, to avoid additional defective performance, and to promote the informal settlement of disputes.'" *Custom Built Homes [by Ed Harris v. McNamra]*, 2006 Tenn. App. LEXIS 781, 2006 WL 3613583, at *5 (quoting *Carter*, 916 S.W.2d at 935).

*Forrest Constr. Co., LLC v. Laughlin*, 337 S.W.3d 211, 229 (Tenn. Ct. App. 2009).

PROPOSED CONCLUSIONS OF LAW

Airgas proposes that the final order of this matter should include the following conclusions of law:

1. The one-year Lease with a Commencement Date of June 1, 2022, is the operative Lease for the purposes of BWS' claim of breach of contract. (Plaintiff's Response to Defendant's Motion for Partial Summary Judgment p. 8, Docket Entry No. 37.)

2. The one-year period from June 1, 2022, until May 31, 2023, is the relevant time period for damages claimed by BWS. (Plaintiff's Response to Defendant's Motion for Partial Summary Judgment p. 8, Docket Entry No. 37.)

3. Airgas gave BWS timely notice of its intent to surrender the Property at the end of the Lease.

4. BWS released and discharged Airgas from any claims it may have had against Airgas on February 7, 2023.

5. Airgas surrendered the Property to BWS on May 31, 2023.

6. Other than the drywall damage near where the built-in desks were located, Airgas surrendered the Property in substantially the same condition as the Commencement Date of the Lease, subject to normal and customary wear and tear.

7. Other than the damage to drywall near where built-in desks were located, BWS has not presented any evidence to show that any damage to the Property occurred during the Lease period.

8.     BWS did not provide Airgas with proof of payment of property taxes prior to the commencement of this lawsuit.

9.     BWS did not provide Airgas with proof of payment of property insurance prior to the commencement of this lawsuit.

10.     Other than repairing damage to drywall and related mudding, sanding, and painting, the scope of the budgets from T.U. Parks Construction, Inc. constitute improvements and betterment to the Property.

11.     Other than repairing damage to drywall and related mudding, sanding, and painting, the scopes of work priced by BWS' expert, Nic Cornelison, constitute betterment of the Property.

12.     Airgas was not allowed an opportunity to repair the Property for the limited damage it caused to the drywall despite asking to do so.

13.     Airgas is the prevailing party in this case for the purposes of the calculation of any award of attorneys' fees and costs.

Airgas reserves the right to amend these proposed conclusions of law based on rulings from the court and evidenced presented at the trial of this matter.

Respectfully submitted,

By:*/s/ Peter C. Robison*
Mary Beth White, BPR #24462
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
(615) 259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

# CERTIFICATE OF SERVICE

This is to certify that on June 19, 2026, a true and correct copy of the foregoing has been served on the following counsel of record through the Court's electronic filing system:

Lynzi J. Archibald, Esq.
Jessica M. Wolinsky, Esq.
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN  37402
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

/s/ Peter C. Robison
Peter C. Robison