**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
| *Plaintiff,* | ) | No. 1:24-cv-00029 |
| | ) | |
| v. | ) | Judge Christopher H. Steger |
| | ) | |
| AIRGAS USA, LLC, | ) | Non-Jury |
| *Defendant.* | ) | |

## SECOND AMENDED SCHEDULING ORDER

The Court conducted a videoconference hearing in this case on July 6, 2026, for the purpose of rescheduling the case for trial and amending certain remaining unexpired pretrial deadlines. Present representing Plaintiff were attorneys Lynzi Archibald and Jessica Wolinsky. Present representing Defendant were attorneys Mary Beth Haltom White and Peter Robinson. The following amended scheduling deadlines[1] shall be observed by the parties and will be altered only upon further order of the Court either at the Court's own initiative or upon motion of a party supported by good cause.

a. **Motions in Limine.** Any additional motions in limine must be filed no later than **October 16, 2026**. Responses to motions in limine shall be filed no later than **October 30, 2026**.

b. **Proposed Findings of Fact and Conclusions of Law.** The parties shall submit to the Court any *amended* proposed findings of fact and conclusions of law, which shall be supported by citations of authority in accordance with Local Rule 52.1, on or before **October 16, 2026**. Proposed findings of fact shall set forth the facts in chronological order that each party intends to prove at trial. Conclusions of law shall include: (1) the elements of each cause of action and each affirmative defense; (2) who bears the burden of proof; (3) the standard by which each cause of action or affirmative defense must be proven; and (4) the appropriate type of remedy or remedies for each cause of action. Further, conclusions of law should be supported with appropriate authority pursuant to Local Rule 7.4 and should not be

---

[1] This Second Amended Scheduling Order includes only the scheduling deadlines which have been amended. All other instructions and deadlines contained in the original Scheduling Order [Doc. 22] and the First Amended Scheduling Order [Doc. 53] which are not expressly amended herein, shall remain in full force and effect.

argumentative. Each party shall send a copy of the prepared proposed findings of fact and conclusion of law as an electronic mail attachment in Word-compatible format to steger_chambers@tned.uscourts.gov.

c. **Final Pretrial Conference**. A final pretrial conference will be held in this case on **November 3, 2026, at 1:00 p.m. (Eastern Time)**. The parties shall prepare and submit a final pretrial order[2] to the Court on or before the date of the final pretrial conference.

d. **Trial**. The trial of this case will be held before the undersigned United States Magistrate Judge beginning on **November 17, 2026.**[3] The trial is expected to last 3 days. Counsel shall be present at **9:00 a.m.** to take up any preliminary matters which may require the Court's attention. The parties shall be prepared to commence trial at 9:30 a.m. on the date which has been assigned. Should the scheduled trial date change for any reason, the other dates contained in this order shall remain as scheduled. Should the parties desire a change in any of the dates contained in this scheduling order, they should file a motion and seek an order changing such dates.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] A form Agreed Final Pretrial Order is attached as Exhibit A.

[3] Defendant's counsel, Peter Robinson, notified the Court of a potential scheduling conflict in federal court on Tuesday, November 17, 2026. As the trial date gets closer, Mr. Robinson will monitor that potential conflict and advise the Court if he is unable to start this trial on November 17. In that event, the Court reserves the right to start this trial on November 18, 2026.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| XXXXXXXX | ) |
|      *Plaintiff,* | ) |
| | )    Case No. 1:XX-cv-XXXX |
| v. | ) |
| | )    Judge Christopher H. Steger |
| XXXXXXXX | ) |
|      *Defendant.* | ) |

**AGREED FINAL PRETRIAL ORDER**

This Court conducted a Final Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on *[insert date]*. *[Counsel for Plaintiff(s)]* appeared as counsel for the plaintiff(s) and *[Counsel for Defendant(s)]* appeared as counsel for the defendant(s). The following action was taken:

**I.    Jurisdiction**

This is an action for *[breach of contract, personal injury, etc.]*. Jurisdiction of the Court is invoked pursuant to __ U.S.C. § _____. The jurisdiction of the Court is not disputed.

**II.    Pleadings**

The pleadings are amended to conform to this pretrial order.

**III.    General Nature of the Claims of the Parties:**

    a.  **Claims:** The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

        i.    *[Insert list of claims.]*

    b.  **Stipulated Facts:** The following facts are uncontroverted.

      i.      *[List uncontroverted facts that have been established by the pleadings, by stipulation, or by admission.]*

  c.  **Plaintiff's Theory:** *[Set out a **concise** summary without detail.]*

  d.  **Defendant's Theory:** *[Set out a **concise** summary without detail.]*

  e.  **All Other Parties' Claims:** *[If third parties are involved, set out a **concise** summary without detail.]*

## IV.    Contested Issues of Law

The contested issues of law are *[set out the contested issues, including any pending motions].* **OR** There are no special issues of law to be resolved.

  a.  *[If applicable, list any motions that remain pending.]*

## V.    Exhibits

The parties have disclosed all exhibits in accordance with Fed. R. Civ. P. 26(a)(3)(C). All exhibits to be introduced have been pre-marked in such a way as to allow the Court to determine which party is offering them. The parties have prepared a joint list of exhibits. [(In non-jury matters) A copy of each exhibit has been furnished to the Court at the Final Pretrial Conference.] The parties have endeavored to stipulate to the admissibility of all exhibits to the extent possible. The parties cannot stipulate to the admissibility of the following exhibits: *[List any such exhibits along with a concise statement of the basis for disagreement / objection.]*

## VI.  Witnesses

The parties have disclosed all witnessed in accordance with Fed. R. Civ. P. 26(a)(3)(A). A list comprised of the names of all witnesses, their addresses and telephone numbers is as follows:

a. **For Plaintiff(s):**

|  | Name | Address |
|---|---|---|
| Telephone No. |  |  |
| 1.  *i.e. John Doe* | *865 2nd Ave., Chattanooga* | *423-123-1234* |

b. **For Defendant(s):**

|  | Name | Address |
|---|---|---|
| Telephone No. |  |  |
| 1.  *i.e. Jane Doe* | *843 2nd Ave., Chattanooga* | *423-321-4321* |

## VII.  Other Matters

a. **Trial:**  This case is set for trial before the undersigned and a jury [*or without the intervention of a jury*] at 9:00 a.m. on [*date*].  Counsel shall be present on the first day before commencement of trial to take up any preliminary matters.  The probable length of trial is ___ days.  The parties should be prepared for trial on the scheduled date.  If this case is not heard immediately, it will be held in line until the Court's schedule allows the trial to begin.

   [*__NOTE:__  As it has been contended that the failure to include a jury demand in the Final Pretrial Order is a __waiver__ of the jury demand, you should set forth your jury demand if it is your intention to have a jury trial.*]

b. **Possibility of Settlement:**  [*Describe the possibility of settlement.*]

c. **Miscellaneous Matters:** *[Describe any miscellaneous issues of which the Court should be made aware.]*

*      *      *

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the parties as of *[date]*. Fed. R. Civ. P. 16; *see U.S. v. Hougham*, 364 U.S. 310, 315 (1960); *see also Ricker v. Am. Zinser Corp.*, 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), aff'd, 633 F.2d 218 (6th Cir. 1980).

**SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ _____
*Counsel for Plaintiff(s)*

/s/ _____
*Counsel for Defendant(s)*