**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **BWS PROPERTIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:24-CV-29-KAC-CHS** |
| **v.** | ) | |
| | ) | **JUDGE CHRISTOPHER H. STEGER** |
| **AIRGAS USA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT AIRGAS USA, LLC'S RESPONSE TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE</u>**

Defendant Airgas USA, LLC ("Airgas" or "Defendant") hereby responds in opposition to the Omnibus Motion in Limine filed by Plaintiff BWS Properties, LLC ("BWS" or "Plaintiff").

## I. Corporate Representative Testimony

BWS's motion revives its prior Motion *in Limine* and for Sanctions (Docket Entry No. 26), in which BWS complained that Airgas had not adequately prepared witnesses to address topics in the Notice propounded under Fed. R. Civ. P. 30(b)(6) on March 31, 2025. Airgas previously responded in opposition to that motion (Docket Entry No. 31), which is hereby incorporated by reference.

Airgas would also note that despite the passage of over a year, BWS still has failed to confer with Airgas prior to the filing of this motion as required by Judicial Preference 12. To the extent that any form of sanctions are sought in the motion, the same should be denied for failure to comply with that Judicial Preference.

Finally, with respect to the original motion, it was filed before BWS withdrew its claims related to the alleged holdover tenancy and acknowledged that the only period of time relevant to the damages in this case was the one-year lease period from June 1, 2022 to May 31, 2023. (*See*

Docket Entry No. 37, p. 8.) In the previous motion, BWS complained that Airgas had not sufficiently prepared witnesses to address topics such as the condition of the property over an 18-year period, but BWS' withdrawal of the holdover tenancy claim and concession about the relevant time period for damages renders those areas irrelevant. Accordingly, Airgas respectfully requests that the Court deny BWS' motion *in limine* and request for sanctions.

## II. Settlement Communications

BWS' motion to exclude settlement communications presumably relates to testimony or records related to offers by Airgas to pay for repairs to the property located at 700 Manufacturers Road (the "Property").

Pursuant Fed. R. Evid. 408:

> **(a) Prohibited Uses.** Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> **(1)** furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> **(b) Exceptions.** *The court may admit this evidence for another purpose*, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

(Emphasis added). While settlement communications are generally excluded unless they fall under an exception, courts hold that the list of exceptions is a non-exclusive list that is illustrative rather than exhaustive. *Maneotis v. FCA US, LLC (In re FCA US, LLC Monostable Elec. Gearshift Litig.)*, 598 F. Supp. 3d 639, 645 (E.D. Mich. 2022) (*cf. Croskey v. BMW of N. Am. Inc.*, 532 F.3d 511, 519 (6th Cir. 2008) (holding the district court applied Rule 408 correctly for "[an]other

purpose" to demonstrate the state of mind of multiple witnesses)). "Evidence of a party's position during settlement negotiations is not excludable when it is offered to prove the intent or motive of the party, or to explain reasons for its conduct unrelated to establishing liability or the extent of damages." *Maneotis*, F. Supp. 3d at 646.

For example, courts have allowed Rule 408 communications are admissible to determine whether attorney's fees are reasonable. *Lohman v. Duryea Borough*, 574 F.3d 163 (3d Cir. 2009) (*see Cummings Inc. v. BP Prods. N. Am.*, *Cummings Inc. v. BP Prods. N. Am.*, No. 3:06-0890, 2010 U.S. Dist. LEXIS 19037, at *3, n.1 (M.D. Tenn. Mar. 3, 2010) (holding that a Rule 408 communication may be used to calculate reasonable attorney's fees) (J. Trauger)).

In *Lohman*, the court decreased attorney fees because the award granted by the fact finder was less than the amount the plaintiff could have settled before trial. *Lohman*, 574 F.3d at 166. The court made this determination based on a Rule 408 settlement offer. *Id*. In other words, even though the party technically prevailed at trial, because the attorney received a less favorable result for their client than the settlement offer, it was reasonable to award a diminished amount in attorney's fees that reflected the outcome of the party's case. *Id*. When determining reasonable attorney fees, the court has great discretion and there is no exact calculation. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

Airgas would agree that such records should not be admitted to show the amount of a disputed claim, which would be prohibited by Rule 408. Here, Airgas intends to introduce evidence and testimony of consultations with repair workers, inspections to determine the condition of the property, quotes for certain scopes of work, and proposals made to BWS to be performed at Airgas' expense before the lawsuit was filed. These records and testimony would be offered to show in part that BWS' claimed attorneys' fees would be disproportionate to the damages awarded. The

records and testimony would also go to the state of minds of the parties, whether a breach of the Lease agreement occurred, and whether Airgas was given an opportunity to cure. For these reasons, the Court should admit such communications and records for those purposes, and not any purpose prohibited under Rule 408.

CONCLUSION

For the reasons stated above, Airgas respectfully requests that the Court deny BWS's Omnibus Motion in Limine.

Respectfully submitted,

By: */s/ Peter C. Robison*

Mary Beth White, BPR #24462
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
(615) 259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on October 30, 2026, a true and correct copy of the foregoing has been served on the following counsel of record through the Court's electronic filing system:

Lynzi J. Archibald, Esq.
Jessica M. Wolinsky, Esq.
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

*/s/ Peter C. Robison*
Peter C. Robison