**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **BWS PROPERTIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:24-CV-29-KAC-CHS** |
| **v.** | ) | |
| | ) | **JUDGE CHRISTOPHER H. STEGER** |
| **AIRGAS USA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT AIRGAS USA, LLC'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE UNPLED RELEASE DEFENSE**

Defendant Airgas USA, LLC ("Airgas" or "Defendant") hereby responds in opposition to the Motion in Limine to Preclude Unpled Release Defense filed by Plaintiff BWS Properties, LLC ("BWS" or "Plaintiff"). At issue in this motion is the letter from Airgas dated February 6, 2023, that Jennifer Nevens counter-signed on February 7, 2023 (the "February Letter"). *See* Exhibit A to Plaintiff's Motion, Docket Entry No. 82-1. In the present motion, BWS seeks to "preclude Airgas from offering any evidence, testimony, or argument that BWS released its claims by countersigning the February Letter," because Airgas did not assert the affirmative defense of release in its Answer. *See* Docket Entry No. 13.

What BWS fails to mention is that Airgas did raise "waiver, estoppel, acquiescence, consent and/or ratification" as affirmative defenses. *Id.* at p. 8. In particular, waiver is a "voluntary relinquishment or abandonment—express or implied—of a legal right or advantage." *Effyis, Inc. v. Kelly*, 821 Fed. Appx. 614, 621-22 (6th Cir. 2020) (*citing* Black's Law Dictionary (11th ed. 2019)). In this case, Airgas asserts that the waiver of claims was made expressly by BWS in the signed acknowledgement of the February Letter. Such an affirmation was an "intentional relinquishment or abandonment of a known right," and was "deliberate, intentional, [and]

affirmative." *Walker v. U.S.*, 134 F.4th 437, 440 (6th Cir. 2025) (*citing U.S. v. Olano*, 507 U.S. 725, 733 (1993). BWS is a sophisticated party in the commercial leasing context that understood the meaning of legal terms, and would not be prejudiced in any way by the introduction of the February Letter or testimony thereon. *See Rogers v. IRS*, 822 F.3d 854, 857 (6th Cir. 2016).

Unlike Tennessee Rule of Civil Procedure 10.03, Federal Rule of Civil Procedure 10 does not require the attachment of an instrument referenced in a pleading, so there can be no basis for the exclusion of the February Letter simply because it was not attached to Airgas's Answer. Fed. R. Civ. P. 10. The mere fact that Airgas did not raise the defense of waiver in its Motion for Partial Dismissal did not serve to surrender that defense, particularly since that motion sought dismissal of certain claims while allowing others to proceed. Finally, Airgas would observe that the February Letter was in BWS's possession from the outset of this litigation, as is evidenced by the Bates-numbering of Exhibit A to the Motion.

Airgas therefore respectfully requests that the Court deny BWS's motion to the extent that it seeks to exclude the introduction of evidence or testimony regarding waiver by BWS of claims in the February Letter.

Respectfully submitted,

By: */s/ Peter C. Robison*

Mary Beth White, BPR #24462
Peter C. Robison, BPR #27498
LEWIS THOMASON, P.C.
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
(615) 259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com

*Attorneys for Defendant Airgas USA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on October 30, 2026, a true and correct copy of the foregoing has been served on the following counsel of record through the Court's electronic filing system:

Lynzi J. Archibald, Esq.
Jessica M. Wolinsky, Esq.
MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

*/s/ Peter C. Robison*
Peter C. Robison