**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:24-cv-00029 |
| | ) | |
| v. | ) | Judge Christopher H. Steger |
| | ) | |
| AIRGAS USA, LLC, | ) | Non-Jury |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE**

Plaintiff BWS Properties, LLC "BWS") submits this response in opposition to Defendant Airgas USA LLC's ("Airgas") Motions in Limine (Docs. 73-75).

**I. Motion in Limine to Exclude Evidence Not Produced by Plaintiff (Doc. 73).**

Airgas seeks to have the Court exclude any evidence not produced by BWS prior to the discovery deadline. In light of the specific evidence identified in Airgas's Motion and the objections and arguments incorporated from its Exhibit List and Witness List (Doc. 71), Airgas appears to request exclusion of the following:

- April 27, 2021 Appraisal Letter by Henry Glascock;
- Testimony by Henry Glascock;
- August 4, 2023 Lease between BWS and Commonwealth Construction, LLC (the "Commonwealth Lease");
- December 4, 2024 Industrial Building Lease Agreement between BWS and HôLTek, Inc. (the "HTI Lease");
- August 11, 2025 Industrial Building Lease between BWS and Applied Thermal Coatings, Inc. ("ATC") (the "ATC Lease"); and

- Testimony by ATC.

As an initial matter, BWS agrees to withdraw the April 27, 2021 Appraisal Letter by Henry Glascock and the testimony by Henry Glascock.

With respect to the Commonwealth Lease and the HTI Lease, these leases were produced on September 23, 2025; they were never subject to a motion to compel, and any delay in their production was inadvertent and harmless.

With respect to the ATC Lease, BWS could not produce this document prior to the July 1, 2025 discovery deadline because it did not exist until over a month later when it was executed on August 11, 2025. However, once it became reasonably likely that BWS would lease the Property to ATC, BWS's counsel notified Airgas's counsel of this possibility and promptly produced the lease on September 23, 2025. Production within the discovery period was simply not possible under the circumstances.

The Commonwealth, HTI, and ATC leases were all produced more than a year prior to the upcoming trial date and well in advance of any pretrial deadlines. Airgas did not suffer any prejudice and never requested any additional information from BWS or permission to conduct any additional discovery from the Court related to any of these leases (*e.g.*, additional deposition testimony, written discovery, etc.). BWS therefore respectfully requests that Airgas's Motion with respect to these three leases be denied.

Additionally, similar to the ATC Lease, BWS notes that, because it was not known that ATC would lease the Property until after the close of discovery, BWS was unable to identify ATC as a potential witness during the discovery period. Airgas has never requested any additional information regarding ATC or the ATC Lease from BWS, and Airgas never sought permission from the Court to conduct any additional discovery with respect to ATC. BWS therefore respectfully requests that it be permitted to call a representative of ATC as a witness at trial to the

extent necessary for purposes of rebuttal or authentication.

BWS otherwise generally agrees that, absent good cause, evidence not produced or testimony not identified to date by either party should be excluded from presentation at trial. However, BWS reserves the right to call undisclosed witnesses or present undisclosed evidence for rebuttal, impeachment, or authentication purposes or as otherwise permitted by the Court.

**II. Motion in Limine to Exclude Undisclosed Expert Testimony (Doc. 74).**

Airgas contends testimony from Henry Glascock, Baker Townsend, and Jason Hickey should be excluded on the grounds that "BWS will attempt to elicit" from these individuals either expert testimony or testimony regarding the Property's rental value. However, BWS does not intend to call any of these individuals for those purposes.

As stated hereinabove, BWS withdraws and does not intend to offer testimony from Henry Glascock.

Senior Broker, Baker Townsend, with SVN Second Story, assisted BWS with advertising and showing the Property to prospective tenants. Therefore, BWS intends to call Mr. Townsend to testify only to BWS's efforts to release the Property (*i.e.*, to mitigate damages).

Jason Hickey of T.U. Parks Construction Co. created the June 15 and 16, 2023, T.U. Parks Preliminary Budget Breakdowns estimating the costs to complete certain repairs to the Property. As such, BWS intends to call Mr. Hickey to offer testimony regarding the estimated cost to repair the damages he observed.[1] Because neither Mr. Townsend nor Mr. Hickey will serve as an expert

---

[1] Notably, although objectionable for other reasons, Airgas also seeks to submit similar repair cost evidence through lay testimony; Airgas has listed Kevin Cruz as a lay witness and seeks to submit his repair quotes as an exhibit. *See* Doc. 24 (listing Kevin Cruz as a witness); Doc. 43 (listing, as its twelfth exhibit, emails stating Mr. Cruz's estimated cost to repair certain damages). Though Mr. Cruz, just like Mr. Hickey, is a third-party repair contractor who visited the Property and then estimated the cost of certain repairs, Airgas has never identified Mr. Cruz as an expert witness. This is because neither the testimony of Mr. Cruz nor the testimony of Mr. Hickey rises to the level of specialized or technical knowledge characteristic of expert testimony.

or testify to rental value, they should not be prohibited from testifying at trial.[2]

In the alternative, should the Court hold that Mr. Hickey's testimony constitutes expert testimony, and therefore should have been disclosed as such, BWS's failure to identify Mr. Hickey as an expert was harmless, as Mr. Hickey's repair estimate has been known to the Parties and central to this case from its inception. Mr. Hickey's repair estimate was provided to Airgas no later than August 2023 during the Parties' pre-litigation negotiations. In May 2024, Airgas issued a subpoena to T.U. Parks for (and received) all records related to Mr. Hickey's estimate.[3] Mr. Hickey and T.U. Parks were identified as having knowledge of the Property's condition when Airgas vacated, and BWS produced Mr. Hickey's estimate and communications with Mr. Hickey regarding the same in BWS's first responses to discovery on August 26, 2024; in fact, many of Airgas's discovery requests and BWS's responses to the same specifically referenced T.U. Parks and Mr. Hickey's estimate.[4] The estimate and Mr. Hickey's role in creating it was discussed at length during the 30(b)(6) deposition of BWS on April 7, 2025. [5] Both BWS and Airgas retained experts specifically to opine on the reasonableness of Mr. Hickey's estimate; they issued reports on this topic, and they then provided deposition testimony regarding the same on July 3 and 7, 2025, respectively. A representative of T.U. Parks was listed on BWS's witness list on June 16, 2025, *see* Doc. 24, and Mr. Hickey was listed specifically as this T.U. Parks representative in BWS's final witness list on May 15, 2026, *see* Doc. 66. Airgas never sought to depose Mr. Hickey

---

[2] Additionally, in either case, BWS plans to present the expert testimony of Nic Cornelison of P&C Construction to testify as to the commercial reasonableness of Mr. Hickey's estimated repair costs based on his experience in the construction and repair industry, and Airgas has identified and retained its own expert, Mike Berry, to rebut this testimony.

[3] *See* **Ex. A**, T.U. Parks Subpoena Response.

[4] *See, e.g.*, **Ex. B**, BWS Interrogatory Response Excerpts, ROGs 15, 16, 17; **Ex. C**, BWS Request for Production Response Excerpts, RFPs 9-18, 20, 29.

[5] *See, e.g.*, **Ex. D**, BWS Dep. Excerpts.

or any other representative of T.U. Parks.

For the reasons set forth above, Mr. Hickey's testimony regarding the repair estimate he prepared would not be surprising to or unanticipated by Airgas or disruptive to the trial of this case.[6] In short, Airgas has been well-aware of Mr. Hickey's role in this case and the subject matter of his testimony, including his inspection of the property and his preparation of the T.U. Parks cost to repair estimate, throughout this litigation; Airgas therefore would not be prejudiced by this testimony even if the Court holds that it should be characterized as expert testimony, rather than lay testimony.

## III. Motion in Limine to Exclude Evidence of Utilities and Expenses Incurred During Alleged Holdover Tenancy (Doc. 75).

As previously conceded and subsequently confirmed by the Court in its March 31, 2026 Order (Doc. 55), BWS's holdover tenancy claim has been withdrawn, and BWS does not intend to seek related damages. As such, BWS has agreed to withdraw its proposed Exhibits 55-59 (related to utilities expenses).

However, the remaining evidence identified by Airgas – BWS Exhibit Nos. 11-12 in its Corrected Final Exhibit List (Doc. 68) – is not related to the holdover claim, but to damages resulting directly from the final year of Airgas's tenancy and its move from the Property.

Specifically, Exhibit Nos. 11-12 included a proposal and invoice from Outdoor Landscaping & Grading Company. BWS alleges that Airgas failed to care for and maintain the Property's landscaping during its tenancy, which caused it to become overgrown. BWS then hired

---

[6] *See Clayton v. Young*, No. 3:22-CV-00936, 2026 WL 539471, at *3 (M.D. Tenn. Feb. 26, 2026) (explaining that, when evaluating whether the failure to disclose evidence, including expert testimony, is substantially justified or harmless, courts consider the surprise to the opposing party (and whether it can be cured), whether trial would be disrupted, the importance of the evidence, and the explanation for nondisclosure).

Outdoor Landscaping & Grading Company to remedy the overgrowth, which resulted in the proposal and invoice identified as Exhibit Nos. 11 and 12. Thus, BWS respectfully requests that these exhibits not be excluded.

Respectfully submitted on this 30th day of October 2026.

**MILLER & MARTIN PLLC**

By: /s/ *Lynzi J. Archibald*
Lynzi J. Archibald, TN BPR No. 30063
Jessica M. Wolinsky, TN BPR No. 039785
832 Georgia Ave., Suite 1200
Chattanooga, TN 37402
Phone: (423) 756-6600
Fax: (423) 785-8480
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com

*Counsel for Plaintiff BWS Properties, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**MILLER & MARTIN PLLC**

By: /s/ *Lynzi J. Archibald*