UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, *Plaintiff*, | ) | |
| v. | ) | No. 1:24-cv-00029-CHS |
| AIRGAS USA, LLC, *Defendant*. | ) | |

**MEMORANDUM AND ORDER**

## I. Introduction

This matter is before the Court upon Defendant Airgas USA, LLC's Motion to Alter or Amend [Doc. 61] ("Motion to Alter") and Memo in Support [Doc. 62] ("Alter Memo"), filed pursuant to Fed. R. Civ. P. 59(e). Defendant asks the Court to alter its Orders [Docs. 55, 60] regarding summary judgment. For the reasons stated herein, Defendant's Motion to Alter [Doc. 61] will be **DENIED**.

## II. Background

On June 1, 2022, the parties entered into a one-year lease ("Lease") for a commercial property at 700 Manufacturers Road, Chattanooga, Tennessee. [Doc. 30 at 1-2]. The Lease contained various obligations for each party. Relevant to the Motion to Alter, at Lease termination Defendant was to return the property to Plaintiff "in as good of a condition as received by [Defendant] on the Commencement Date, except for ordinary wear and tear." [*Id.* at 3-4]. Among other claims in this suit, Plaintiff alleges that Defendant caused damage to the property that is beyond normal wear and tear. [Docs. 1-1 at 2-5; 37 at 5].

Defendant filed a Motion for Partial Summary Judgment ("Partial SJ Motion") and Memo in Support ("SJ Memo") regarding, among other things, Plaintiff's claim for "[property] damages

not proven by expert proof." [Doc. 29 at 1-2]. The Court entered an Order [Doc. 55] temporarily denying summary judgment regarding property damage which occurred during the Lease term. The Court then held a hearing on April 16, 2026, to more fully explore, among other things, the property damage issue. Following the hearing, the Court entered an Order [Doc. 60] affirming the denial of summary judgment on property damage which occurred during the Lease.

## III. Analysis

### A. Standard of Review

Fed. R. Civ. P. 59(e) applies only to a judgment or final order. *Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010). However, pursuant to Rule 54(b),

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Consequently, the decision whether to grant a motion for reconsideration under Rule 54(b) is within the discretion of the Court. *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018). In evaluating a motion to reconsider, Courts consider the following: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

The Court's denial of summary judgment on property damage does not constitute a judgment or final order. *See Phillips v. Teamsters Loc. Union No. 957*, No. 3-:05-CV-292, 2007 WL 397011, at *1 (S.D. Ohio Jan. 31, 2007). "Thus, [Defendant]'s alleged Rule 59(e) motion is not authorized by the Federal Rules of Civil Procedure and must be overruled." *Id.*

Defendant is responsible for clearly articulating arguments and the grounds on which those arguments rest. *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) ("This court will not do the work for the parties. If a due process violation occurred, it is ECIMOS's

burden to tell us and make the argument because judges are not like pigs, hunting for truffles that might be buried in the record." (cleaned up)). Defendant is asking the Court to find, even though the Court already found to the contrary, that Defendant clearly made an argument in its SJ Memo regarding proof of property damage that occurred during the Lease. [Doc. 62 at 5]. As indicated, Defendant's Motion to Alter is not supported under Fed. R. Civ. P. 59(e); however, assuming *arguendo* that Defendant brought its Motion to Alter under Fed. R. Civ. P. 54(b), its request for relief still fails. Defendant does not point to any intervening change of controlling law or newly available evidence. Thus, Defendant must rely on either a clear error or preventing manifest injustice. The Court will address each in turn.

**B. Clear Error**

Near the end of the April 16, 2026 hearing, the undersigned stated:

> One thing I believe the Court struggled with as we were deciding this case is that counsel, I'm talking to defense counsel now, in your Motion for Summary Judgment, your initial Motion for Summary Judgment, what you focused on was that they didn't have expert proof to establish causation of damages during the relevant period of time. And they came back essentially and said, yeah, but we can prove damages in another way through lay witnesses. I'm over-simplifying. And then in your rebuttal brief is when you took a stab at staying, well, you don't have any proof. That's a new argument. You didn't make that argument in your initial briefing. You can't do it that way. It doesn't then shift the burden of it. They only have to respond to your motion. And you can't raise a new argument in a rebuttal brief and then impose another duty on them to respond to that new argument. And that did confuse the issue for the Court a little bit as we were trying to deliberate on this thing. But, in any event, that was part of the basis for why we decided this the way we did.

[Doc. 59 at 32-33].

Defendant claims that its arguments made in its rebuttal brief—that Plaintiff did not have *any* proof of damages which occurred during the Lease[1]—"were not, as the Court commented, new arguments. Rather, the arguments in the Reply echoed the same arguments [Defendant] had already made in its [SJ Memo]." [Doc. 62 at 5]. Though it does not clearly state as much, Defendant appears to rely on this "new argument" rationale from the Court as the source of a clear error.

Defendant claims that it did not merely argue in its SJ Memo that Plaintiff could not prove property damages which occurred during the Lease through expert proof, but that it argued Plaintiff could not provide any proof at all of such damages. [Doc. 62 at 5-6]. However, on five separate occasions in Defendant's summary judgment briefing, it separates its damages argument into two sections—damages to the property which occurred prior to the Lease and damages not proven by expert proof. [*See* Docs. 29 at 1,2; 30 at 11-13]. Thus, based on Defendant's own briefing organization, it is reasonable to conclude that, for damages which occurred *during* the Lease, Defendant focused exclusively on a lack of expert proof.

Despite Defendant's own repeated briefing organization, it argues that its SJ Memo contained "clear and unequivocal arguments" regarding a lack of any proof, not just expert proof, for damages that occurred during the Lease. [Doc. 62 at 6]. Defendant primarily relies on three portions of its SJ Memo to support its claim. [*See id.* at 2, 5-7]. First, Defendant cites the following:

> [I]n order to prove damages related to the condition of the Property at the time of surrender, BWS must show both that the condition of the Property was worse than it was on June 1, 2022, and that the condition was not simply the result of ordinary wear and tear. These allegations require expert proof in all but the most obvious instances of damage where a clear before-and-after photograph can establish the date of the damages. *See J&S Welding, Inc. v. Liberty Mut. Ins. Co., 693 F. Supp. 3d 823, 835 (6th Cir. 2023)*. <u>No such evidence has been presented by BWS or its expert in this dispute.</u>

---

[1] Though the Court and the parties use the word "any" regarding proof of damages, the technically correct description is any proof of damages "beyond those limited drywall damages conceded by [Defendant]." [Doc. 62 at 7]. However, the use of "any" supports efficiency without sacrificing any clarity as the Court and the parties fully understand the implied exception for the conceded drywall damage.

[*Id.* at 2 (emphasis in Alter Memo)].

However, Defendant's quote comes from the section of its SJ Memo which purports to deal with damages *prior to* the Lease. [*Compare* Doc. 30 at 11-12, with Doc. 62 at 5-6]. Additionally, Defendant's emphasized sentence states that "[n]o such evidence has been presented by BWS or its expert in this dispute." [Doc. 62 at 2]. The phrase "such evidence" clearly refers back to the previous sentence, which states that Plaintiff's "allegations require expert proof in all but the most obvious instances of damage where a clear before-and-after photograph can establish the date of the damages."[2] [*Id.*]. Thus, "such evidence" refers to "clear before-and-after photographs or expert proof." Defendant is correct in stating that Plaintiff has not provided clear before-and-after photographs or expert proof. But Defendant is wrong in the assertion that these are the only ways Plaintiff can show property damage which occurred during the Lease. While such evidence would be sufficient, it is not necessary. For example, as the Court noted at the April 16, 2026 hearing, "any person who was physically present . . . in the facility, during that one-year period, could come into court and testify that they saw damage take place." [Doc. 59 at 23]. More importantly, Defendant stating that Plaintiff could not produce clear before-and-after photographs or expert proof is simply not the same as stating Plaintiff could not produce *any* proof.

Second, Defendant cites the portion of its SJ Memo which states that "[Plaintiff] did not do a walkthrough prior to the Commencement Date of the Lease or document the condition of the Property as of the Commencement Date. BWS has not produced any photographs or similar documentation of the condition of the Property prior to the Commencement Date." [Doc. 62 at 6]. Defendant is correct that Plaintiff has not provided photographs or similar documentation showing

---

[2] Defendant uses a "see" cite to *J&S Welding*, 693 F. Supp. 3d 823, to support this sentence. Although not fully explored here, the Court at least notes that *J&S Welding* does not support Defendant's assertion in the sentence.

the condition of the Property prior to the Lease. But that is not the same as arguing that Plaintiff cannot produce any proof. Though it tracks as a logical piece of Defendant's prior argument regarding before-and-after photographs or expert proof, as noted above Defendant is incorrect in its view of the sufficiency versus necessity of "such evidence." Plaintiff could simply produce a witness who saw damage take place at some point during the Lease.

Third, Defendant cites its SJ Memo for a paragraph which states:

> [Defendant] has conceded limited damage to some of the drywall in the office area of the main building on the Property that occurred when desks/counters or shelving were removed when [Defendant] vacated the Premises. However, <u>there is no other proof that any other damages occurred after the Commencement Date of the Lease</u>. Accordingly, all claims for damages beyond the limited repairs to drywall lack any factual basis or supporting expert opinions, and fail as a matter of law.

[*Id.* at 2 (emphasis in Alter Memo)].

This quote represents Defendant's strongest evidence that he made "clear and unequivocal arguments" regarding the lack of *any* proof of damage during the lease. However, as with the two preceding quotations above, it appears in the section of Defendant's SJ Memo titled, "[Defendant] is not responsible for damages to the Property *prior to* the [Lease]." [*See* Doc. 30 at 11-12 (emphasis added)]. But Defendant is arguing that he made clear arguments about proof of property damage which occurred *during* the Lease.

All told, the Court finds that Defendant did not make "clear and unequivocal arguments" regarding a lack of *any* proof regarding property damage that occurred *during* the Lease. Based on the totality of Defendant's SJ Memo, it was reasonable for Plaintiff to conclude that Defendant's arguments regarding property damage *during* the Lease were related to a lack of expert proof, not a lack of any proof. [*See* Doc. 37 at 7 ("[Defendant] has not asserted that [Plaintiff]'s damages cannot be proven by other evidence. [Defendant] does not argue that [Plaintiff] cannot prove

causation and liability, but only that [Plaintiff] cannot prove these elements through its expert witness." (cleaned up))].

Additionally, the Court specifically *temporarily* denied summary judgment on the property damage issue, and then held the April 16, 2026 hearing to further explore the issue because the briefing was somewhat unclear. [*See, e.g.*, Docs. 59 at 7-8; 62 at 3]. At the hearing, Plaintiff's counsel identified multiple witnesses as well as some photographs which are sufficient to create a genuine issue of material fact regarding property damage that occurred during the Lease. [*See* Doc. 59 at 9-14]. Therefore, when given proper notice of the argument that it could not provide any proof of property damage which occurred during the Lease, Plaintiff pointed to relevant evidence it planned to offer at trial which refuted Defendant's argument.

For the foregoing reasons, a motion under Fed. R. Civ. P. 54(b) would not be supported by a clear error. Therefore, the Court's denial of summary judgment on the issue of property damage which occurred during the Lease will not be overturned on such grounds.

**C. Manifest Injustice**

The Court finds the issue of summary judgment regarding property damage which occurred during the lease to be a close call. Defendant has certainly pointed to *some* reasonable evidence that it argued for a lack of any proof of property damage in its SJ Memo. However, if the Court grants Defendant's request on this very close issue, Plaintiff would be prevented from coming forward with its evidence to address an issue that the Court finds was not clearly presented for Plaintiff to address. Conversely, if the Court denies Defendant's request, then Plaintiff will get the opportunity to present that evidence, and Defendant will have every opportunity to attack it. Additionally, the responsibility for the rather ambiguous nature of Defendant's arguments falls entirely on Defendant. Accordingly, the Court finds that Defendant would not be able to rely on

preventing manifest injustice to support a motion under Fed. R. Civ. P. 54(b). Rather, there is greater support for the proposition that *denying* such motion by Defendant would prevent manifest injustice.

## IV. Conclusion

Defendant's purported motion under Fed. R. Civ. P. 59(e) is not authorized under the Federal Rules because the Court's denial of Defendant's Motion for Summary Judgment is not a judgment or final order. Therefore, it is hereby **ORDERED** that Defendant Airgas USA, LLC's Motion to Alter [Doc. 61] be **DENIED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE