**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BWS PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-00029 |
| | ) | |
| v. | ) | Judge Christopher H. Steger |
| | ) | |
| AIRGAS USA, LLC, | ) | Non-Jury |
| | ) | |
| Defendant. | ) | |

# AGREED FINAL PRETRIAL ORDER

This matter, having come before the Court on November 3, 2026, at 1:00 p.m. for a pretrial conference pursuant to Fed. R. Civ. P. 16, and Lynzi J. Archibald and Jessica M. Wolinsky having appeared as counsel for the Plaintiff, BWS Properties, LLC ("BWS"), and Peter C. Robison and Mary Beth Haltom White having appeared as counsel for the Defendant, Airgas USA, LLC ("Airgas"), the following actions were taken:

**I.** **Jurisdiction**: This matter is currently pending as an action for breach of contract. Jurisdiction of the Court was invoked pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Jurisdiction of the Court is undisputed.

**II.** **Pleadings**: The pleadings are amended to conform to this pretrial order.

**III.** **General Nature of the Claim of the Parties:**

(a) Claim: The following claim has been filed:

i. BWS's claim for Breach of Contract.

(b) Stipulated Facts: The Parties shall continue to work cooperatively to establish additional stipulated facts for submission to the Court prior to trial. The Parties have agreed that the following facts are uncontroverted:

i. BWS owns real property located at 700 Manufacturers Road in Chattanooga, Tennessee (the "Property").

ii. Before BWS was formed, the Property was owned and occupied by Brooks Welding Supply.

iii. In 1997, the operations of Brooks Welding Supply were acquired by British Oxygen Company ("BOC"), and BWS was formed to own the Property.

iv. From 1997 until 2005, BOC operated a welding supply and gas business at the Property.

v. Airgas bought BOC's operations in 2005 and thereafter entered into written leases with BWS to rent the Property.

vi. BWS and Airgas entered into a one-year lease of the Property that would run from June 1, 2022, to May 31, 2023 (the "Lease").

vii. Airgas gave notice of its intention not to renew the Lease in a letter dated February 6, 2023, which receipt was acknowledged by Jennifer Nevans for BWS on February 7, 2023.

viii. Airgas surrendered the Property and turned over keys on May 31, 2023.

(c) <u>Plaintiff's Theory</u>:

Airgas failed to properly maintain and surrender certain property owned by BWS, located at 700 Manufacturers Road, Chattanooga, Tennessee 38405 (the "Property"), pursuant to an Industrial Building Lease (the "Lease") executed by the Parties. Airgas breached Lease §§ 6.1, 7.4, 8.2, and 20 when it failed to maintain and repair the Property during its final year of tenancy,

failed to remove property, garbage, and signage upon vacating the Property, and damaged the Property while vacating it or during its final year of tenancy. Airgas also breached Lease §§ 3.3.2, 9.1, and 18.2 by failing to pay applicable late fees and interest resulting from its failure to timely reimburse BWS for taxes and insurance associated with the Property.

BWS is entitled to recover damages from Airgas for breach of the Lease, including the estimated cost to repair the Property,[1] repair costs already incurred by BWS to repair the Property, late fees and interest associated with late tax and insurance payments, prejudgment interest, and BWS's attorneys' fees, costs, and expenses.[2]

(d) Defendant's Theory.

BWS initially sought damages for alleged repairs to the Property for a period of many years, as well as holdover tenancy from June 1, 2023 until May 31, 2024. BWS has conceded those claims, and is now only seeking damages during the final one-year lease period from June 1, 2022 until May 31, 2023 ("Lease period"). However, the repairs BWS claims are necessary are (1) betterment, (2) due to wear or damage caused many years before the Lease period, and/or (3) waived by BWS. None of the claimed repairs were required due to any damage during the Lease period. Other than cleaning and minor drywall damage caused during the move-out, which Airgas has acknowledged, there is no evidence of any damage to the Property that occurred during the 2022-2023 Lease period.

BWS commenced this action before it gave Airgas proof of payment of property taxes and

---

[1] In the event that Defendant introduces evidence of or argues the alternate measure of damages of diminution of value, BWS reserves the right to introduce evidence of and argument regarding the same.

[2] To the extent that Airgas asserts or argues that it should be deemed the prevailing party in this case or is entitled to attorneys' fees, costs, or expenses under the Lease, BWS reserves the right to dispute the same following the trial of this matter, including but not limited to on the basis of untimely assertion or waiver.

property insurance as required by Lease §§ 3.3.2 and 9.1. Airgas paid both the property taxes and property insurance after proof of payment was disclosed during discovery in this action.

BWS should not be considered a prevailing party for the purposes of an award of attorneys' fees because it has already conceded the lion's share of its original claims and cannot show any damages beyond the minimal drywall damages that Airgas acknowledged and proposed to pay for as part of the parties walk through and/or before this litigation ensued. Airgas should be entitled to reasonable attorneys' fees and costs as the party most substantially obtaining the relief sought under the Lease § 23.4

## IV. <u>Contested Issues of Law</u>:

Airgas asserts the following contested issues of law, excluding objections to testimony and exhibits:

1. Whether BWS provided Airgas with proof of payment of property taxes and insurance as required in the Lease prior to the filing of this lawsuit.[3]
2. Whether BWS can show any damages to have occurred during the one-year Lease period other than drywall damage occurring on the day of the move-out, of which Airgas conceded prior to litigation.[4]
3. Whether BWS waived all claims that arose prior to February 2023.[5]

---

[3] BWS asserts that this issue was addressed by the Court at summary judgment, *see* Doc. 55, pp. 3-4, and that, in either case, the issue asserted is a question of fact, not a question of law.
[4] BWS asserts that this issue is a question of fact, not a question of law.
[5] BWS asserts that Airgas is attempting to assert the affirmative defense of release, which was waived as it was not timely asserted, *see* Doc. 82, but that Airgas is mischaracterizing this affirmative defense as waiver. In either case, BWS disputes whether either of these affirmative defenses were properly and timely asserted and/or whether their respective elements can be proven by Airgas at trial.


Case 1:24-cv-00029-CHS Document 92 Filed 11/12/26 Page 4 of 10 PageID #: 1478

4. Whether BWS is entitled to attorneys' fees and, if so, the amount.[6]

**V.** **Exhibits**: The Parties have disclosed all exhibits to one another in accordance with Fed. R. Civ. P. 26(a)(3)(C). All proposed exhibits to be introduced have been pre-numbered.[7] Three copies of the list of proposed exhibits, as well as a copy of each proposed exhibit, have been furnished to the Court. The Parties have agreed to the authenticity of all proposed exhibits. The Parties have endeavored to stipulate to the admissibility of all exhibits and are continuing their efforts to do so;[8] however, disputes currently remain as to the admissibility of the following exhibits:

| Trial Ex. | Description | Δ Ex.[9] | Π Ex.[10] |
|---|---|---|---|
| 2 | Pre-Surrender Property Photos | | 27 |
| 3 | Post-Surrender Property Photos | | 14 |
| 6 | Property Photos (Requested by Cornelison) | | 29 |
| 7 | Letter Assigning BOC Lease | 1 | 42 |
| 8 | 2005 Airgas Lease | 2 | 43 |
| 9 | First Amendment to Lease | 3 | 44 |
| 10 | Addendum to Lease | 5 | 46 |
| 11 | 2013 Airgas Lease | 4 | 45 |
| 13 | Nevans Non-Renewal Response Email[11] | 8 | |
| 14 | Airgas Notice of Non-Renewal[12] | 7 | |
| 17 | T.U. Parks Estimate | | 13 |
| 18 | T.U. Parks Subpoena Documents | | 38 |
| 19 | Access Garage Doors Payment ($237.50) | | 10 |

[6] BWS asserts that these are mixed questions of law and fact to be determined at the conclusion of trial based upon the results of trial.
[7] Trial exhibits 1-43 are exhibits the Parties expect to use. Trial exhibits 44 forward are exhibits the Parties may use.
[8] To the extent additional agreements are reached between the Parties or exhibits are eliminated as the result of an agreement by the Parties or a ruling of this Court, the Parties shall provide updated binders and indexes to the Court prior to trial.
[9] *See* Docs. 43 and 67.
[10] *See* Doc. 68.
[11] *See* Doc. 82.
[12] *See* Doc. 82.

| | | | |
|---|---|---|---|
| 20 | Outdoor Landscaping Estimate | | 12 |
| 21 | Outdoor Landscaping Payments | | 11 |
| 22 | Scenic Breezeway Payment ($5,575) | | 6 |
| 23 | Republic Services Estimate | | 16 |
| 24 | Professional Sign Services Estimate ($1,302.50) | | 17 |
| 25 | Janeth Cleaning Payment ($800) | | 7 |
| 26 | A. Barnes Fence Co. Payment ($650) | | 9 |
| 28 | Cruz Access Emails[13] | 11 | 48 |
| 29 | Cruz Estimate ($26,500)[14] | 12 | 37 |
| 30 | Martineau Letter[15] | 13 | |
| 35 | Cornelison Report | | 40 |
| 37 | Berry Report | 15 | |
| 43 | BWS Fourth Supplemental Initial Disclosures | | |
| 44 | Pre-Surrender Property Video | | 47 |
| 45 | Weeks Paving Estimate ($22,900) | | 51 |
| 46 | Weeks Paving Payments ($22,900 and $7,685) | | 52 |
| 47 | 2012 Storm Repair Documents | | 61 |
| 48 | Marion Environmental Payment ($8,500) | | 54 |
| 49 | RBA Construction Invoices ($42,962) & Correspondence | | 53 |
| 50 | 2018 Lease Renewal Emails | | 62 |
| 51 | 2021 Lease Renewal Emails | | 63 |
| 52 | Rent Emails | | 64 |
| 55 | T.U. Parks Emails | | 18 |
| 56 | Commonwealth Lease[16] | | 30 |
| 57 | Holtek Lease[17] | | 31 |
| 58 | Applied Thermal Coatings Lease[18] | | 32 |
| *59* | *Second Story Emails*[19] | | *19* |
| *60* | *LoopNet Listing Emails* | | *21* |
| *61* | *Second Story Brokerage Agreement* | | *20* |
| *62* | *LoopNet Listing Screenshots* | | *22* |
| *63* | *Score Listing Screenshots* | | *26* |
| *64* | *Crexi Listing Screenshots* | | *24* |

[13] *See* Docs. 45, 70.
[14] *See* Docs. 45, 70.
[15] *See* Docs. 45, 70.
[16] *See* Doc. 71.
[17] *See* Doc. 71.
[18] *See* Doc. 71.
[19] For proposed exhibits italicized herein, Airgas does not dispute admissibility to show BWS's mitigation efforts, but disputes admissibility for any other purpose.

| | | | |
|---|---|---|---|
| *65* | *CityFeet Listing Screenshots* | | *23* |
| *66* | *Showcase Listing Screenshots* | | *25* |

## VI. **Witnesses.**

(a) For Plaintiff:

BWS's counsel may call some or all of the following persons to testify live at trial. However, BWS's counsel reserves the right not to call any of the persons listed below to testify live at trial.

i. Jennifer Nevans
P.O. Box 272
584 Devaut Road
Dayton, TN 37321
(423) 413-3834

ii. James Corley Johnson
2345 Highway 301
Trenton, GA 30752
(931) 616-9491

iii. Nic Cornelison
1037 West Main Street
Chattanooga, TN 37402
(423) 493-0051

iv. Jason Hickey – T.U. Parks
1207 East 23rd Street
Chattanooga, TN 37408
(423) 648-3800

v. Baker Townsend
800 Market Street, Ste. 207
Chattanooga, TN 37402
(423) 682-8241

vi. Applied Thermal Coatings, Inc.
700 Manufacturers Road
Chattanooga, TN 38405
(423) 618-7018

vii. Any witness needed for purposes of rebuttal, impeachment, or authentication; and

viii. Any witness listed by Airgas to which BWS has no objection.

(b) For Defendant: Airgas reserves the right to call some or none of the following persons to testify live at trial, depending on the proof introduced during BWS's case in chief.

i. Peter Van Slyke
4551 North Access Road
Chattanooga, TN 37415
423-827-9884

ii. Dawn Van Dyke
2015 Vaughn Road, Building 400
Kennesaw, GA 30144
404-947-187

iii. James Corley Johnson
2345 Highway 301
Trenton, GA 30752
931-616-9491

iv. Tracy Harvey
4551 North Access Road
Chattanooga, TN 37415
423-756-6122

v. Michael Berry
2525 Broad Street
Chattanooga, TN 37408
423-267-2234

vi. Kevin Cruz
6521 Cassie Lane
Hixson, TN 37343
423-635-6416

vii. David Martineau
259 North Radnor-Chester Road, Suite 100
Radnor, PA 19087
615-902-6251

vii. Any witness Airgas may elect to call for purposes of rebuttal, impeachment, or authentication; and

viii. Any witness listed by BWS to which Airgas has no objection.

## VII. Other Matters:

(a) Trial: This case is set for trial without a jury before the U.S. Magistrate Judge at 9:30 a.m., on November 17, 2026. Counsel shall be present at 9:00 a.m. on the first day of trial to take up any preliminary matters. The probable length of trial is three to four days. The Parties should be prepared for trial on the date that has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

(b) Possibility of Settlement: The Parties participated in mediation on two separate occasions and engaged in further settlement discussions thereafter. Despite the Parties' best efforts, settlement has been unsuccessful to date, and it does not appear that this matter will settle prior to trial.

(c) Miscellaneous Matters: The Parties are not currently aware of any additional matters for the Court's consideration other than those pending motions in limine, pretrial motions, and objections.

## VIII. Conclusion

This Final Pretrial Order shall supplant the pleadings and is agreed upon by the Parties as of November 11, 2026. Fed. R. Civ. P. 16; *see U.S. v. Hougham*, 364 U.S. 310, 315 (1960); *see also Ricker v. Am. Zinser Corp.*, 506 F. Supp. 1 (E.D. Tenn. Sept. 11, 1978), *aff'd*, 633 F.2d 218 (6th Cir. 1980).

**APPROVED FOR ENTRY:**

/s/______________________________
United States Magistrate Judge

**APPROVED AS TO FORM AND SUBSTANCE:**

**MILLER & MARTIN PLLC**


/s/ *Jessica M. Wolinsky*
Lynzi J. Archibald, TN BPR No. 30063
Jessica M. Wolinsky, TN BPR No. 039785
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Telephone: (423) 756-6600
Facsimile: (423) 785-8293
lynzi.archibald@millermartin.com
jessica.wolinsky@millermartin.com


***Counsel for Plaintiff BWS Properties, LLC***

-and-

**LEWIS THOMASON, P.C.**


/s/ *Peter C. Robison*
Mary Beth Haltom White, TN BPR No. 24462
Peter C. Robison, TN BPR No. 27498
1201 Demonbreun Street, Suite 100
Nashville, TN 37203
Telephone: 615-259-1366
mbwhite@lewisthomason.com
probison@lewisthomason.com


***Counsel for Defendant Airgas USA, LLC***